OPINION AND JOURNAL ENTRY RE: MOTION TO CERTIFY CONFLICT JUDGMENT AND APPLICATION FOR RECONSIDERATION
On September 20, 1999, this Court rendered an Opinion affirming Appellant, Kevin Young's conviction on aggravated murder. This conviction followed a jury trial in the Belmont County Common Pleas Court. Ultimately, Appellant was found guilty of killing his ex-girlfriend, Heidi Bazar, who was discovered at the bottom of a cliff on March 24, 1996. Appellant drove the victim away from a dance two days before. The victim never returned home.
Now pending before this Court are two motions; a Motion to Certify a Conflict Judgment filed by Appellant on October 1, 1999 and Appellant's Application for Reconsideration filed the same day. The State of Ohio has answered each pleading and Appellant has also filed a further response.
In his Motion to Certify, Appellant asserts that this Court's judgment conflicts with the decision announced in State v. Mulkey
(1994), 97 Ohio App.3d 773 [98 Ohio App.3d 773]. In Mulkey, the Tenth District Court of Appeals identified and set out certain factors to consider in determining whether a homicide was committed with prior calculation:
 "(1) Whether the accused and the victim knew one another prior to the killing, and, if so, the nature of their relationship, (2) whether the accused gave thought or preparation to the method or place of the killing, and (3) whether the events occurred over time or almost instantaneously. State v. Jenkins (1976), 48 Ohio App.2d 99, 102. . . ."
Mulkey, supra, at page 779.
The Mulkey court then held, based on the evidence of a chance meeting between total strangers presented in that case, that:
 ". . . the evidence presented, even when viewed in a light most favorable to the prosecution, supports a finding only of a purposeful killing after instantaneous deliberation arising out of the attack upon the victim. While the crime defendant committed unquestionably is heinous, that factor alone is insufficient to support a conviction for aggravated murder under the language of the statute."
Mulkey, at 780.
In the case sub judice this Court applied the standard set out in State v. Robbins (1979), 58 Ohio St.2d 74 and the more thorough State v. Jenkins (1976), 48 Ohio App.2d 99. We relied on Jenkins' totality of the circumstances test to find that the jury could reasonably have found the requisite prior calculation and design to commit the murder. The test as set out in Jenkins
is virtually identical to, although better explained, the factors found in Mulkey, supra and is specifically cited inMulkey.
In the matter at hand, we pointed out that the victim and the Appellant had a stormy relationship. Moreover, this Court held at page 30 of the opinion:
 "A reasonable factfinder could also infer that sufficient thought and deliberation accompanied the murder by the remote location where Heidi's body was discovered and the weapons used to inflict the fatal injuries."
Evidence that investigators found a large brick, an eighteen pound chunk of concrete and a board with the victim's blood and clothing fiber samples could reasonably refute Appellant's version of what transpired that night. Experts testified that the fatal injuries resulted from a deliberate and intentional infliction of blunt force impacts to the victim's body and trunk and did not result from a thirteen foot fall or an accident. (Opinion, p. 32).
The factors identified in both Mulkey, supra, and in Jenkins
weigh in favor of determining that the homicide was committed in a calculated fashion. The parties had an ongoing relationship. It was Appellant who drove the victim to a remote, dimly lit location. There were multiple blunt force impacts that contributed to her death.
As stated in Taylor v. Brocker (1997), 117 Ohio App.3d 174, a case from our district:
 "Further, there must be an actual conflict between appellate districts on a rule of law, not facts, before certification is proper. And the asserted conflict must be on same question."
Id., 175, citing Whitelock v. Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594,595, 599.
Upon an examination of the memorandum in support of certification, the State's answer and the Appellant's response, we find that our judgment in this case is not in conflict withMulkey, supra, on the issue presented. Therefore, the motion to certify is overruled.
We likewise find the Application for Reconsideration to be without merit and it is hereby denied. App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. Matthewsv. Matthews (1981), 5 Ohio App.3d 140, 143. The test generally applied is whether the motion for reconsideration calls to the attention of the Court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.Ottawa County v. Marblehead (1995), 102 Ohio App.3d 306. An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. State v. Owens
(1996), 112 Ohio App.3d 334, 336. Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an insupportable decision under law. Id.
In this case Appellant urges this Court to reconsider its decision affirming the trial court's denial of a jury instruction on the lesser included offense of involuntary manslaughter.
Appellant maintains that the trial court was required underState v. Wilkins (1980), 64 Ohio St.2d 382, 388, to weigh the evidence in favor of the Appellant when considering whether such an instruction should be given. As the Appellant testified that he pushed the victim without intending to kill her, he now argues that the trial court was obligated to give the jury the option to accept such testimony, and thus, the court was obligated to instruct on involuntary manslaughter.
In our discussion of this issue, this Court applied the holdings of State v. Campbell (1994), 69 Ohio St.3d 38 and Statev. Thomas (1988), 40 Ohio St.3d 213 which espouse the following principle of law in determining whether a defendant is entitled to an instruction on involuntary manslaughter. Such instruction is given:
 ". . . only when, on the evidence presented, the jury could reasonably find against the state on the element of purposefulness and still find for the state on the defendant's act of killing another."
Id., 216.
We recognized, in our Opinion, that the evidence must be viewed in a light most favorable to the defendant. State v.Wilkins (1980), 64 Ohio St.2d 382, 388. We then examined the evidence on the record. At page 21-22 we stated:
 ". . . the most critical of Heidi's over thirty wounds, including a fractured jaw, a broken nose, a liver severed almost in half, a tooth knocked out of her braces and strangulation, were indicative of purposeful killing and not accident. The county coroner and pathologist performing the autopsy testified that the wounds which caused her death could not have resulted from a thirteen foot fall off of a cliff or from an accident and most likely were caused by multiple blunt force to her face and neck. (Tr. pp. 230-231; 247; 285; 290; 314). From the number and severity of the wounds suffered by Heidi, any reasonable trier of fact could find that there existed an intent to kill by Appellant. We cannot find that the evidence presented reasonably supported an acquittal on aggravated murder or murder and a conviction on involuntary manslaughter. Thus, the court did not erroneously overrule Appellant's request for an involuntary manslaughter instruction."
The trial court applied the proper standard and did not err in refusing to instruct on involuntary manslaughter. This Court thoroughly addressed such issue on appeal to this Court. As Appellant has not met the standard for this Court to reconsider its decision, the Application for Reconsideration is denied.
 _________________________________ EDWARD A. COX
 _________________________________ GENE DONOFRIO
 _________________________________ CHERYL L. WAITE, JUDGES