OPINION AND JOURNAL ENTRY
{¶ 1} This matter comes before us on a timely request for reconsideration filed by Appellant Jonathan Martin and opposed by Appellee the State of Ohio. Martin contends our decision in his direct appeal, State v. Martin, 7th Dist. No. 01 CA 227, 2003-Ohio-1232 is obviously erroneous and not supported by the law. Because we conclude our opinion on the merits does not contain any obvious error, we deny this application for reconsideration.
 {¶ 2} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "`calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.'" Juhasz v.Costanzo (Feb. 7, 2002), 7th Dist. No. 99-CA-294, quoting Columbus v.Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 3} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336, 678 N.E.2d 956.
 {¶ 4} Part of Martin's argument on appeal was that the officer did not have probable cause to make an arrest since Martin did not admit that he drove the car until after he was arrested. In our original opinion, we concluded the officer had probable cause for the arrest. Martin argues this was incorrect since the "record clearly indicates that Martin did not tell the officer that he drove the vehicle until after the arrest." We disagree with Martin's characterization of the facts in this case. There were facts in the record clearly supporting a conclusion that Martin admitted to the officer before she arrested him that had he been driving the car.
 {¶ 5} As recounted in our original opinion, when the officer who arrested Martin arrived on the scene of the accident at 6:25 a.m., Martin was walking on the road, approximately 500 feet away from the car. The ground around the vehicle was wet and muddy and Martin was muddy. Martin was walking along the side of a "heavily traveled road" within a short distance of the crash and she had been dispatched to the scene at 6:10 a.m. As a result, the officer believed the crash occurred shortly before she arrived on the scene. These facts clearly support a conclusion that the officer had probable cause to believe Martin had been driving the vehicle.
 {¶ 6} More damaging to Martin's argument here is the evidence in the record of his statements to the officer regarding the time of the crash. During the officer's testimony explaining how she administered the field sobriety tests to Martin, the prosecutor asked her if Martin made any statements to her at that time. Her response indicated that Martin had already told her the crash happened between 4:30 and 5:00 in the morning, but that he also admitted it might have happened between 6:00 and 6:10. Later on, she once again stated that when she first picked Martin up, he told her the crash happened between 6:00 and 6:10 in the morning. Clearly, Martin's attempts to explain when the crash occurred could reasonably be interpreted as an admission that he had been driving the car at the time of the accident.
 {¶ 7} Fundamentally, Martin's argument is based on a faulty premise. There was evidence to support the officer's conclusion that Martin was driving the vehicle in question without an admission that he had been doing so. In addition, the evidence supports a conclusion that he did admit he was driving the vehicle before he was arrested. Thus, Martin has failed to demonstrate we committed an obvious error or that our conclusion was not supported by the law. Martin's application for reconsideration is denied.
Waite, P.J., Vukovich, J., and DeGenaro, J., concur.