OPINION AND JOURNAL ENTRY
{¶ 1} Appellant, Fraternal Order of Police Labor Council, Inc. has filed a Motion for Reconsideration of our Opinion issued on September 24, 2003. In that Opinion, we determined that the trial court properly vacated an arbitrator's award because the alleged grievance fell outside the coverage of the Collective Bargaining Agreement. Appellant requests that we reconsider our decision claiming that our opinion was based entirely upon a mistake of fact.
 {¶ 2} Applications for reconsideration may be made pursuant to App.R. 26(A). While the rule provides the procedure for such application, it is devoid of any standard a court should use on review. Such standard has evolved through caselaw, however, and is best expressed in the syllabus to Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515:
 {¶ 3} "1. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (Matthews v.Matthews [1981], 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278, followed.)"
 {¶ 4} In order to prevail in its application, a party seeking reconsideration must raise one of these three errors in its application and support the request with the necessary portions of the appellate record. An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached. State v. Owens (1996), 112 Ohio App.3d 334,678 N.E.2d 956.
 {¶ 5} In the present case, Appellant claims that our only rationale for affirming the trial court in vacating the award was that the arbitrator ordered a monetary award. Appellant is mistaken. Our decision was based upon the fact that the alleged grievance arose sometime prior to the effective dates of the Collective Bargaining Agreement. Our holding is reflected in paragraphs 22 and 23 of our Opinion where we state:
 {¶ 6} "It is clear the parties did not agree to arbitrate a grievance that affected rights outside the scope of the Agreement. As quoted in ¶ 15 above, the Agreement unambiguously provides that the arbitrator was without authority to consider a grievance based upon rights arising outside the time frame of the Agreement at issue. So we must decide if the grievance was covered by the Agreement. Here the Agreement was in effect from November 11, 1999 thru November 10, 2002. Thus, we conclude that it was not. As the employees' service occurred on dates prior to the effective date of the Agreement, the failure to pay the PERS-LE fund for that service likewise occurred prior to the effective date of the Agreement.
 {¶ 7} Accordingly, the grievance filed in this case would have only originated under some previous agreement. Regardless of when the parties would receive the "benefits" of the award, the right to the payment arose on the date of the employees' service. Thus, the arbitrator improperly decided that the grievance was arbitrable, and exceeded her authority as contemplated by R.C. 2711.10. The trial court properly vacated the arbitrator's award since it was clearly outside the bounds of the Agreement."
 {¶ 8} Appellant is incorrect in its assertion upon reconsideration. Our initial decision rests upon the determination that the conduct, which was the subject of the grievance, predated the effective date of the Collective Bargaining Agreement it was filed under. Accordingly, Appellant's request for reconsideration is denied.
Donofrio, Vukovich and DeGenaro, JJ., concur.