DECISION
{¶ 1} Plaintiff-appellant, Mary Carolyn Porter, timely moves this court to reconsider its disposition of her third assignment of error in Porter v. Saez, Franklin App. No. 03AP-1026, 2004-Ohio-2498. Defendant-appellee, Heather Reed, opposes Porter's application for reconsideration. For the following reasons, we deny Porter's motion.
 {¶ 2} App.R. 26(A) provides for the filing of an application for reconsideration. "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336, dismissed, appeal not allowed,77 Ohio St.3d 1487.
 {¶ 3} In Matthews v. Matthews (1981), 5 Ohio App.3d 140,143, this court stated that "App.R. 26 * * * includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." Owens, at 336.
 {¶ 4} In her application for reconsideration, Porter argues that a claim of fraudulent transfer against defendant Aaron Saez remains pending for trial. Therefore, Porter reasons she should be able to argue before a trier of fact whether Reed conspired with Saez in his alleged efforts to engage in a fraudulent transfer. Consequently, Porter contends this court erred when it overruled Porter's third assignment of error. See Porter, at ¶ 35 (third assignment of error asserting that "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR MS. REED ON THE SIXTH CAUSE OF ACTION AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER MS. REED ENGAGED IN A CONSPIRACY").
 {¶ 5} Porter correctly asserts that a claim of a fraudulent transfer against Saez remains pending. However, Porter's contention that we erred in our disposition of her third assignment of error is unpersuasive.
 {¶ 6} Causes of action one through four of Porter's amended complaint asserted claims against Saez, while causes of action five (fraudulent conveyance) and six (civil conspiracy) of Porter's amended complaint asserted claims against both Saez and Reed. See amended complaint, filed June 18, 2002. In causes of action five and six, Porter alleged the following: (1) Saez engaged in a fraudulent transfer with Reed, wherein Saez transferred property or other assets to Reed for the purpose of insulating Saez from judgment; and (2) Saez and Reed engaged in a civil conspiracy wherein Saez and Reed conspired to fraudulently transfer Saez's assets. Amended complaint, at 8-9; Porter, at ¶ 27.
 {¶ 7} During the course of litigation, Reed moved for summary judgment as to all claims that were brought against her, and Porter later moved for partial summary judgment as to the fraudulent conveyance and conspiracy claims against Reed and Saez. Porter, at ¶ 32. In its judgment of September 30, 2003, the trial court granted Reed's summary judgment motion and dismissed Porter's partial summary judgment motion as to the fraudulent conveyance and conspiracy claims against Reed and Saez. Id. at ¶ 34.
 {¶ 8} On appeal, Porter argued in her first assignment of error that the trial court improperly denied Porter's motion for partial summary judgment concerning Porter's fraudulent transfer claim as stated in the fifth cause of action of the amended complaint. Porter, at ¶ 35. However, Porter's first assignment of error did not challenge the trial court's grant of summary judgment in favor of Reed pertaining to this same claim. See id. at ¶ 54.[1]
 {¶ 9} By granting summary judgment in favor of Reed, the trial court determined that Reed sustained her burden as it related to Porter's fraudulent transfer claim as stated in the fifth cause of action of the amended complaint. Because Porter did not challenge this finding, the trial court's determination concerning this claim is therefore undisturbed.
 {¶ 10} Before a civil conspiracy claim can succeed, an underlying unlawful act is required. Williams v. Aetna Fin. Co.
(1998), 83 Ohio St.3d 464, 475, certiorari denied (1999),526 U.S. 1051, 119 S.Ct. 1357. Here, by the trial court's finding that Reed sustained her burden as it related to Porter's fraudulent transfer claim as stated in the fifth cause of action of the amended complaint, it was therefore established that Reed did not participate in a fraudulent transfer as alleged by Porter. Thus, as to Reed, there is no underlying unlawful act upon which to base a civil conspiracy claim. Consequently, absent an underlying unlawful act, Porter's claim of a civil conspiracy against Reed fails as a matter of law.
 {¶ 11} Accordingly, upon review of Porter's application for reconsideration, this court concludes that the application does not call to our attention an obvious error in our decision, nor does it raise an issue for consideration that was either not considered at all, or was not fully considered by this court when it should have been. Porter's application for reconsideration is therefore denied.
Application denied.
Bryant and Watson, JJ., concur.
[1] In Porter, at ¶ 54, this court stated that "because Porter's first assignment of error only raises the issue of whether the trial court properly denied Porter's motion for partial summary judgment pertaining to Porter's claim of a fraudulent transfer and not whether the trial court erred when it granted Reed's motion for partial [sic] summary judgment pertaining to Porter's claim of a fraudulent transfer, we do not consider here whether the trial court erred in granting Reed's motion for partial [sic] summary judgment." Upon reconsideration, we find that we erred in ¶ 54 by referring to Reed's motion as a motion for partial summary judgment. Rather than moving for partial summary judgment, Reed moved for summary judgment as to all claims. See defendant Reed's motion for summary judgment filed March 28, 2003; Porter, at ¶ 32.