[Cite as *Home S. & L. Co. v. Midway Marine, Inc.*, 2012-Ohio-3008.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HOME SAVINGS AND LOAN CO. OF YOUNGSTOWN, OHIO | ) ) ) | CASE NO. 10 MA 109 |
| PLAINTIFF-APPELLEE | ) ) | |
| VS. | ) ) | OPINION AND JUDGMENT ENTRY |
| MIDWAY MARINE, INC. dba MIDWAY LEASING, INC., et al. | ) ) ) | |
| DEFENDANTS-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reconsideration
                              Request for Rehearing En Banc
                              Motion for Stay of Execution of Judgment

JUDGMENT:                     Denied.

APPEARANCES:

For Plaintiff-Appellee:       Atty. James G. Floyd
                              1200 Metropolitan Tower
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. John C. Ragner
                              Atty. Andrew T. Hayes
                              Atty. Steven R. Hobson
                              Towne, Hanna & Rasnick Co., L.P.A.
                              388 South Main Street, Suite 402
                              Akron, Ohio  44311

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                              Dated:  June 29, 2012

WAITE, P.J.

{¶1} In his original appeal, Appellant, Michael J. Mercure, challenged the validity of the trial court's decision finding him in civil contempt for failing to comply with a court order to produce the yacht that secured a purchase money loan agreement Appellant entered into with Appellee, Home Savings & Loan Co. Appellant originally argued that he had not received proper or reasonable notice of the contempt hearing and that he, as a criminal contemnor, had been improperly tried in absentia. We found on review that Appellant had received reasonable notice in his civil, not criminal, contempt proceeding and that Appellant had been given an opportunity to be heard, although he chose not to attend the hearing where he was nevertheless represented by counsel.

{¶2} In his application for reconsideration Appellant now argues that this Court did not have jurisdiction to rule on the constitutionality of the contempt proceedings due to a bankruptcy filing he claims to have made during the pendency of his appeal. No evidence of a bankruptcy filing appears in the record of the trial court or in this Court. Appellant now attaches an uncertified copy of a notice of discharge and claims that the bankruptcy stay that would in theory have preceded discharge divests this Court of jurisdiction over his appeal. However, a bankruptcy stay, which serves to prevent changes in the relative positions of priority among creditors and property rights between creditors and the debtor, does not alter the jurisdiction of this Court to determine the constitutionality of a trial court's contempt proceeding. Appellant further posits that the alleged discharge releases him from liability on the loan secured by the yacht which is the subject of the contempt order

and as a result enforcing the contempt order would violate 11 U.S.C. 524(a). Appellant's argument is not well-taken because the effect of the alleged discharge on the enforceability of the contempt order is not an issue properly before this Court on an application for reconsideration of our ruling on the underlying appeal.

{¶3} In addition to his untimely assertion that a bankruptcy stay should have prevented this Court from ruling on his appeal and that the contempt order is not enforceable due to a discharge in bankruptcy, Appellant also reiterates his argument that the trial court's entry of summary judgment as to his liability on the note rendered the contempt order moot. Appellant does not offer any new argument or identify any error of fact or law on this issue. Instead, he restates the argument we already rejected in his original appeal. Appellant's application for reconsideration does not identify any error of fact or law in our decision or raise an issue in the record that we did not consider or consider fully when we should have. For these reasons, Appellant's application is denied.

{¶4} At the outset, we note that the first page of Appellant's June 4, 2012 application for reconsideration includes in the title a request for rehearing en banc. No argument in support or other mention of this request appears in the body of the application for reconsideration. In order to request en banc consideration, Appellant is required to identify, and this Court confirm, that two or more of our decisions are in conflict. App.R. 26(A)(2). Appellant has failed to comply with this mandate. For this reason, Appellant's request for rehearing en banc is denied.

**{¶5}** The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. Similarly, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

**{¶6}** Appellant argues that we should vacate our May 25, 2012 judgment entry due to the automatic stay that Appellant states should have resulted from a bankruptcy action filed on his behalf. This action is alleged to have concluded on June 1, 2011. Although plaintiff now claims that his obligation on the promissory note that gave rise to the contempt order was discharged by the bankruptcy court, nothing in the record of this matter supports Appellant's claim.

**{¶7}** The June 1, 2011 discharge attached to Appellant's application for reconsideration was not presented to any court at any time, either during Appellant's original trial court action or in the underlying appeal of this matter. Hence, it is not properly before us now. Nevertheless, it is not sufficient to establish the facts he now attempts to present. Even if Appellant had produced evidence that the agreement

giving rise to the replevin action had been discharged, evidence of discharge addresses his personal liability on the note and the ability of his creditors to enforce a pre-existing judgment, not the constitutionality of the trial court's contempt finding, which was the subject matter of his appeal. Personal liability on the note and the relative right of Appellant and Appellee to the collateral were not the subject matter of this appeal. Appellant placed at issue the ability of the trial court to impose sanctions for contempt. We ruled that the trial court could impose sanctions, including jail time, for contempt and that the court did so with proper notice, procedure, and the opportunity to be heard. None of these findings are altered by an alleged discharge in bankruptcy or by the supposed existence and expiration of a bankruptcy stay. Whether or not the underlying money judgment is enforceable against Appellant was not an issue properly before us in the original appeal of this matter and is not properly before us on reconsideration.

{¶8} In his application, Appellant also reiterates his argument that the summary judgment entry that resolved his creditor's action on the promissory note resolved the replevin action. This issue has been dealt with by this Court in his direct appeal. As we explained in the underlying Opinion, Appellee filed both a "Complaint for Money Due on a Promissory Note and Foreclosure on a Security Interest" and a "Motion for Order of Possession Without a Hearing (O.R.C. 2737.03 and 2737.19)." Taken together, the documents contained multiple causes of action and differing prayers for relief. The documents could have been filed as separate actions, but were instead assigned the same case number.

**{¶9}** The trial court issued an order of possession without hearing on May 28, 2009 and subsequently granted summary judgment with regard to Appellant's liability on the note. The language of this judgment did not address or in any way resolve the replevin action nor did it contain Civ.R. 54 language indicating that there was no just reason for delay. The order in substance did not resolve all the claims between the parties and thus, the order did not constitute a final judgment. Under these circumstances, without a determination that there is no just reason for delay, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties." Civ.R. 54(B). An order that does not entirely terminate the action does not extinguish a civil contempt order. While *State ex rel Corn v. Russo*, 90 Ohio St.3d 551 (2001) stands for the proposition that a voluntary dismissal under Civ.R. 41 will moot a civil contempt order, there is no such dismissal at issue here. As a result, *Russo* is inapplicable to the facts of this case. It does not support Appellant's claims that the trial court's contempt order should have extinguished.

**{¶10}** Finally, Appellant posits that a contempt order that requires him to produce the collateral that was pledged in the loan agreement is unfair. As part of the original loan agreement, Appellant made specific representations concerning his duty to the lender as owner of the collateral. The second page of the agreement includes a detailed recitation of Appellant's ownership of and duties to the property,

in this instance the yacht, securing the purchase money loan. Appellant ("I") in the terms of the loan promised Appellee ("you") as follows:

> I represent that I own all the Property. I will defend the property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position.

> I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

> I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

(Mercure Depo., Exh. A, p. 2.) On the same page there is a space for a third party agreement which could have identified a third party in possession of the collateral (the "Property") securing the loan agreement. This is not executed. Nothing in the record suggests there was a third party agreement, or any other agreement involving Appellee, that allowed the yacht to be moved from Appellant's property or transferred to any other party. This agreement, which formed the basis for all of Appellee's

causes of action, was placed in the record by Appellee and was authenticated by Appellant during the August 10, 2009 deposition. (Mercure Depo., p. 8.) Hence, there was nothing unfair or unlawful in requiring Appellant to produce the yacht pursuant to the parties' understanding in the security agreement.

**{¶11}** Appellant was responsible for the collateral. The fact that in addition to nonpayment he may have further breached the loan agreement and as a result the collateral is no longer available to him does not excuse his responsibility for the collateral or his duties under the agreement. Appellant not only failed to produce the collateral pursuant to court order he also refused to disclose the information he did possess concerning the location of the property during the deposition. Appellant cannot avoid a contempt sanction by breaching his loan agreement, failing to comply with a court order, and refusing to cooperate with efforts to retrieve the collateral.

**{¶12}** For these reasons Appellant's application for reconsideration is denied. Because we have denied both Appellant's application for reconsideration and request for rehearing en banc, Appellant's June 4, 2012 application for stay of execution of judgment is moot.

Waite, P.J., concurs.

Vukovich, J., concurs.

DeGenaro, J., concurs.