[Cite as *Lottridge v. Gahanna-Creekside Invests., L.L.C.*, 2015-Ohio-4562.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rebecca Lottridge, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-600 |
| v. | : | (C.P.C. No. 11CV-11198) |
| Gahanna-Creekside Investments, LLC, et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

# D E C I S I O N

## Rendered on November 3, 2015

*Schermer Law, LLC,* and *Amy K. Schermer*; *Worley Law, LLC,* and *Caroline Z. Worley,* for appellant.

*Isaac Wiles Burkholder & Teetor, LLC,* and *Brian M. Zets,* for appellee City of Gahanna.

*Isaac Wiles Burkholder & Teetor, LLC, William Benson* and *Brandon Abshier,* for appellee Dugan & Meyers Construction Services; *Dickie, McCamey & Chilcote, PC, Mary Barley-McBride* and *Mary McWilliams Dengler,* for appellee BBC&M Engineering, Inc. (nka S&ME Inc.); *Reminger Co., L.P.A.,* and *Gregory D. Brunton,* for appellee GEO Solutions, Inc.; *Mazza and Associates, LLC, John Mazza* and *CNA Staff Counsel, Steven K. Kelley,* for appellee George Igel & Co., Inc.; *John Nemeth & Associates,* and *David A. Herd,* for appellees Gahanna-Creekside Investments, LLC, and Stonehenge Company; *Allen, Kuhnle, Stovall & Neuman, LLP, Rick Ashton* and *Steven Vanslyck,* for appellee Stonehenge Company; *Weston Hurd, LLP, David T. Patterson* and *Frederick T. Bills,* for appellee Bird Houk.

*Steptoe & Johnson, PLLC,* and *James C. Carpenter,* for appellee GGC Engineers, Inc.

## ON APPLICATION FOR RECONSIDERATION

BROGAN, J.

{¶ 1} Plaintiff-appellant Rebecca Lottridge applies for reconsideration pursuant to App.R. 26(A), seeking modification of our prior decision on the merits in this matter rendered on June 4, 2015. *Lottridge v. Gahanna-Creekside Invests., LLC*, 10th Dist. No. 14AP-600, 2015-Ohio-2168.

{¶ 2} Our prior decision affirmed a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees City of Gahanna, Dugan & Meyers Construction Services, BBC&M Engineering, Inc. (nka S&ME Inc.), GEO Solutions, Inc., George Igel & Co., Inc., Gahanna-Creekside Investments, LLC, Stonehenge Company, Bird Houk, and GGC Engineers, Inc.

{¶ 3} Appellant's claims in this case arise out of damage to her commercial real property allegedly caused by excavation related to construction of a large commercial development (the "Creekside project") on adjacent land. The defendants, including the City of Gahanna, held various roles in the development and construction of the Creekside project. The trial court granted summary judgment for the defendants on the basis that appellant had delayed filing suit until after the expiration of the applicable statutes of limitations.

{¶ 4} The test applied to an application for reconsideration is whether the motion calls to the attention of the court an obvious error in our prior determination or raises an issue that was not properly considered by the court in the first instance. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981). This rule providing an opportunity to apply for reconsideration is not intended for instances in which a party simply disagrees with the reasoning and conclusions of the appellate court. *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. No. 09AP-06, 2009-Ohio-6478, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996).

{¶ 5} Appellant seeks reconsideration on the basis that our decision contains an internal inconsistency, and that based on the facts assumed in our opinion, the statute of limitations had not run as to defendant-appellees Gahanna-Creekside Investments, LLC, and the Stonehenge Company, Inc.

{¶ 6}   Because appellant's application does point out an obvious error in our decision, we grant the application for reconsideration, reverse the trial court's judgment as to the two above-named defendants, and remand the matter for further proceedings.

{¶ 7}   Our decision specifically held that based upon application of the discovery rule to toll the applicable statutes of limitation, construing the contested facts in favor of appellant, she had "two years from August 2008 to sue the City of Gahanna and four years to sue the other defendants." *Lottridge* at ¶ 24.   Appellant filed her initial complaint against Gahanna-Creekside, LLC, and the Stonehenge Company, Inc., on September 7, 2011.[1] Appellant correctly points out that under our interpretation of the facts governing her discovery of damage to her building, this complaint was filed within the applicable statute of limitations for Gahanna-Creekside, LLC, and the Stonehenge Company, Inc., albeit not within the two-year limitation on actions against the city.

{¶ 8}   We therefore find that appellant has pointed out an obvious error in our decision and grant the application for reconsideration. Based on the balance of the analysis in our decision, the trial court's the judgment in favor of Gahanna-Creekside Investments, LLC, and the Stonehenge Company, Inc., must be reversed.   Our prior decision in the case is modified accordingly, and the matter is remanded to the trial court for further proceedings.

*Application for reconsideration granted;*
*Judgment affirmed in part, reversed in part;*
*cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

BROGAN, J., retired, formerly of the Second Appellate
District, assigned to active duty under authority of the Ohio
Constitution, Article IV, Section 6(C).

_____

[1] The various other defendants were added by amendment at later dates beyond the four-year limit, and are not implicated in the current discussion.