THE STATE OF OHIO, APPELLEE, *v.* SALLEE, APPELLANT.

[Cite as State v. Sallee, 8 Ohio App. 2d 9.]

(No. 603—Decided September 27, 1966.)

*Mr. Joseph E. Mahoney*, prosecuting attorney, for appellee.
*Mr. Victor L. Sallee, in propria persona.*

LYNCH, J.  This is an appeal on questions of law by defendant from his conviction of robbery in the Common Pleas Court.

The issue in this case is whether the discharge of juror Mrs. Genevive Notter, after the jury had been impaneled and sworn, placed defendant in double jeopardy contrary to Section 10, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution.

After the jury was impaneled and sworn, Mrs. Notter informed the court that her mother was very ill.  Subsequently, Mrs. Alice M. Corlett was called, examined and sworn as an alternate juror.  Then the court had a hearing in another room separate from the jury, at which Mrs. Notter, the defendant and all counsel were present.  At this hearing, the court questioned Mrs. Notter, who explained that her mother was very ill and was scheduled to go to the doctor that day for an examination, which would result in Mrs. Notter's having to remain with her mother if an immediate operation was required.

The court excused Mrs. Notter as a juror, and the alternate, Mrs. Corlett, was seated to replace Mrs. Notter.  An additional alternate juror was then called, examined and sworn.

Defendant made a motion for discharge on the ground of double jeopardy after the discharge of Mrs. Notter as a juror, at the close of the state's case and at the close of the evidence.

The first paragraph of the syllabus of *Hines* v. *State*, 24 Ohio St. 134, is as follows:

"In a criminal cause, the discharge of the jury without the consent of the defendant, after it has been duly impaneled and sworn, but before verdict, is equivalent to a verdict of acquittal, unless the discharge was ordered in consequence of such necessity as the law regards as imperative."

It is to be noted that the above case and most cases on this question concern the discharge of the entire jury.  Section 2945.-36, Revised Code, specifies the grounds on which the entire jury can be discharged without prejudice to the prosecution.

However, the issue in this case concerns the discharge of one woman juror because of the illness of her mother.

Section 2945.29, Revised Code, provides in part as follows:

"If, before the conclusion of the trial, a juror becomes sick, or for other reason is unable to perform his duty, the court may order him to be discharged.  In that case, if alternate jurors

have been selected, one of them shall be designated to take the place of the juror so discharged. * * *.''

Section 2313.37, Revised Code, provides in part as follows:

''In the trial in the Court of Common Pleas of any case, civil or criminal, when it appears to the judge presiding that the trial is likely to be protracted, upon direction of the judge after the jury has been impaneled and sworn, an additional or alternate juror shall be selected in the same manner as the regular jurors in said case were selected, but each party is entitled to two peremptory challenges as to such alternate juror. * * *. If before the final submission of the case to the jury a juror becomes incapacitated or disqualified he may be discharged by the judge, in which case, or if a juror dies, upon the order of the judge, said additional or alternate juror shall become one of the jury and serve in all respects as though selected as an original juror.''

We hold that the discharge of an individual juror for illness of an immediate member of his family during any stage of a criminal trial is within the sound discretion of the trial court, and that the discharge of an individual juror for such a reason and the replacement of the juror so discharged with an alternate juror, selected pursuant to Section 2313.37, Revised Code, does not constitute double jeopardy within the meaning of Section 10, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution.

21 American Jurisprudence 2d 253, Criminal Law, Section 208, states as follows:

''* * *

''In a jurisdiction that provides for alternate jurors in addition to the regular panel, double jeopardy is not involved where the court discharges one member of the regular panel and substitutes an alternate.''

*People* v. *Burns*, 84 Cal. App. 2d 18, 189 P. 2d 868, certiorari, denied, 335 U. S. 844, 93 L. Ed. 394, 69 S. Ct. 66. See 84 A. L. R. 2d 1290.

This court decided the case of *State* v. *Palmieri*, 28 Ohio Law Abs. 398, in which we held that the discharge of an entire jury, after counsel for the defendant in his opening statement asked the jury to find the defendant not guilty by reason of insanity and to commit him to an institution such as the court may direct,

did not constitute double jeopardy. The first two paragraphs of the headnotes of the case are as follows:

"1. A court may discharge a jury before verdict without such discharge being equivalent to an acquittal of the defendant in any case where the ends of justice, under the circumstances, would be otherwise defeated.

"2. An unforeseen emergency, contingency or happening, after the impanelling of the jury, which will prevent the trial from going forward according to orderly and established legal procedure, is sufficient to justify the discharge of the jury before verdict without having the effect of an acquittal of the accused."

As an example for the proposition of law cited in the second paragraph of the headnotes, Judge Nichols said the following in his opinion, at page 401:

" * * * it has been held that the serious illness of the wife or child of a juror, the effect of which would necessarily tend to prevent the juror from exercising the sound discretion and deliberation required of a juror, is sufficient as creating a necessity for the discharge of the jury before verdict without having the effect of an acquittal of the accused."

In the instant case, Mrs. Notter's mother was ill. There would be a question of whether Mrs. Notter could keep her mind on the evidence being presented at the trial, under these circumstances. This would raise the related question of whether Mrs. Notter could properly perform her duty as a juror under these circumstances. We hold that the trial judge did not abuse his discretion in excusing Mrs. Notter as a juror and in replacing her with the alternate juror.

*Judgment affirmed.*

JOHNSON, P. J., and JONES, J., concur.