The STATE of Ohio, Appellee,

v.

OWENS, Appellant.■

[Cite as *State v. Owens* (1996), 112 Ohio App.3d 334.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–078.

Decided July 1, 1996.

*Charles Ernest Coulson,* Lake County Prosecuting Attorney, *Taylir Kereen Linden* and *Ariana Elizabeth Tarighati–Niemi,* Assistant Prosecuting Attorneys, for appellee.

*Albert L. Purola,* for appellant.

FORD, Presiding Judge.

Appellant, Robert F. Owens, has filed a motion that this court reconsider our decision in *State v. Owens* (June 28, 1996), Lake App. No. 95–L–078, unreported. Appellant contends that this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified. In *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 323, 450 N.E.2d 278, 282, the court stated:

"The test generally applied [in App.R. 26(A) motions] is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision

or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been."

A review of appellant's motion reveals that it has not demonstrated any obvious error or pointed out any issue that was not adequately addressed in the opinion. An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. Appellant has made no such demonstration in his application for reconsideration.

Concerning the third assignment, appellant disagrees with our decision that the trial judge's substitution of the alternate juror for the reportedly disabled juror was not a decision that was subject to the manifest necessity standard. Since appellant's former counsel failed to object to this alleged error, we reviewed the assignment under the plain error standard. Upon reconsideration, we conclude that no error was committed by this court.

Appellant relies on *Hines v. State* (1873), 24 Ohio St. 134, in support of the proposition that the substitution of a duly impaneled alternate juror is conditioned upon a finding of manifest necessity by the trial court. Appellant's reliance on this case is misplaced. The holding in that case applied to the trial court's dismissal of an entire jury due to the occurrence of a mistrial, and not to the situation where a duly impaneled alternate juror has been substituted for a reportedly disabled juror, as was the case here.

As stated in the opinion, "[t]he replacement of a juror with an alternate, as contemplated by R.C. 2945.29 and Crim.R. 24(F) is within the trial court's discretion. * * *" (Citation omitted.) *State v. Gleason* (1989), 65 Ohio App.3d 206, 210, 583 N.E.2d 975, 977; *State v. Shields* (1984), 15 Ohio App.3d 112, 119, 15 OBR 202, 210, 472 N.E.2d 1110, 1118–1119. The trial court's decision to substitute an alternate juror for a reportedly disabled juror is not contingent upon a showing of manifest necessity. *State v. Hopkins* (1985), 27 Ohio App.3d 196, 198, 27 OBR 235, 237, 500 N.E.2d 323, 325–326. Contrary to appellant's assertion, the principle announced in *Hopkins* continues to represent the prevailing view in Ohio on this issue.[1]

The fact that the trial court did not make a more extensive inquiry into the circumstances surrounding the reportedly disabled juror's illness did not demonstrate an abuse of discretion by the trial court. The statement that the

---

1. For further authority on this issue, we direct appellant's attention to this court's decision in *State v. Sallee* (1966), 8 Ohio App.2d 9, 37 O.O.2d 5, 220 N.E.2d 370.

juror was in the emergency room, without more, provided sufficient grounds to support the trial court's decision to proceed with the substitution. The trial court's substitution was not arbitrary, unreasonable, or capricious, and the decision fell squarely within its discretionary authority. Further, the fact that the substitution occurred on the second day of trial and prior to deliberations reinforces our view that appellant suffered no prejudice as a result of the trial court's decision.

In his artful dialectic, appellant's counsel confuses the composition and subsistence of a jury panel with one of the possible results of its deliberative exercise. Convoluting his syllogistic premises in his deductive submission does not really alter the stripes on the tiger or the spots on the leopard regarding what his primary argument is and its obvious bulwarks, and our alleged deficiencies and inadequacies in comprehending his self-styled Ibsenian intellectualism. The nonapplication of inappropriate authority does not translate to a deficient substantive analysis and review; *ergo*, appellant's argument regarding the claimed ignoring of the first two paragraphs of the syllabus (incidentally, incorrectly referred to by the appellant as the first two syllabi) of *Hines, supra*. Simply stated, *the jury was not discharged in this case before reaching a verdict*. An empaneled juror was excused before the verdict! We are not impervious or blurred as to what the appellant's desired "state of the law" should be; but, it would take more than a proverbial quantum leap to reach the desired summit of his alp with respect to his objection. Appellant's argument concerning the third assignment is without merit.

■ With regard to appellant's fourth assignment of error pertaining to ineffective assistance of counsel, it is our view that no error was committed. Because appellant's former counsel failed to object to the substitution of the alternate juror at the appropriate time during the proceedings, the trial court's decision was subject to review under the plain error standard. After re-examining the record, we find that no error was committed. Because we have already determined that a showing of manifest necessity is not required as a condition precedent to substitution, the failure of appellant's former counsel to object to the substitution does not qualify as an act that falls below an objective standard of reasonable representation.

We are fully cognizant that appellant's counsel contended for ineffective assistance of counsel under this assignment. Only an undesired level of opaqueness would have one contending that this issue was preserved for review by a co-extensively nonexistent objection. How else then under fundamental concepts of appellate review would we be enabled to address this argument? We are of the considered view that appellant's counsel would prefer that we not undertake our examination and conclusion on this point in a celestial vacuum capsule without

any elements of gravity present. Appellant's assertion concerning the fourth assignment is not well founded.

■ Appellant also challenges this court's resolution of the sixth assignment of error. Appellant's issue under this assignment was "On this record, was there any reasonable theory that [supported] intent to harm?" Appellant claimed that he intended only to scare Kurt Ross when he fired two shots at his vehicle. In the opinion we stated that "the shooting of a gun in a place where there is a risk of injury to one or more persons supports the inference that appellant acted knowingly," regardless of his purpose. *State v. Gregory* (1993), 90 Ohio App.3d 124, 131, 628 N.E.2d 86, 91.

■ In the case *sub judice,* appellant shot a gun not just once, but twice, at Ross's moving car carrying two passengers while they were traveling on an icy expressway. Again, as we stated in the opinion, the risk of physical harm to Kurt Ross and Cynthia Combs under those circumstances was significant. In our humble opinion, the doing of an act which causes a significant risk of harm readily satisfies the required probability of harm under R.C. 2901.22(B). Accordingly, the jury's determination that appellant acted knowingly was substantiated by the evidence.

■ Appellant cites as erroneous our reference to the legal presumption set forth in *State v. Johnson* (1978), 56 Ohio St.2d 35, 39, 10 O.O.3d 78, 80–81, 381 N.E.2d 637, 640, specifically that a person is presumed to intend the natural, reasonable, and probable consequences of his voluntary acts. A review of the current case law reveals that the rule announced in *Johnson* remains valid case law in Ohio, *State v. Carter* (1995), 72 Ohio St.3d 545, 554, 651 N.E.2d 965, 974–975, if not employed to improperly shift the burden of proof.

Notably, appellant failed to set forth in his appellate brief any case citations whatsoever to support the alleged error in derogation of App.R. 16(A)(7). After reexamining the entire record, we conclude that appellant's argument concerning the sixth assignment is not well founded.

To paraphrase the widely acclaimed and universally restated quotation from decades ago uttered between Earthquake McGoon and Indian Joe, "as any 'person' can plainly see," and contrary to counsel's intonations, our opinion was directly and unequivocally responsive to his assignments of error, albeit not with the result he desired. Again, his arguments here are simply restatements of those previously advanced.

Although we may harbor some empathy with respect to the frustrating odyssey of appellant's counsel on the subject of "manifest necessity" having equal application to the discharge of a single juror as well as the whole panel, we acknowledge

similar pains when we are unable to remake the legal wheel in total conformity with our individualized concepts.

We have observed counsel's propensity to indulge in hyperbolic forays. However, we assure those who may be interested that such excesses do not distract us to any measurable, perceptible extent from what some may term a mundane plodding in our search for the correct path to the truth—both factual and legal. We seek no apogees consciously or subconsciously.

In our quest to resolve appellate arguments *in our role as an error court,* we try our level best to adhere to the wisdom of that old Polish proverb:

> "Człowiek który dokladnie idzie zaznaczoną drogą nie w pada w doły i doliny Karpackich gór." [2]

Additionally, in our efforts to achieve sound opinions, we are heartened by the knowledge that the judiciary does not have a complete monopoly in the exercise of misjudgment. In the course of legal events, even attorneys are occasionally "wrong."

Appellant's arguments are without merit, and the motion for reconsideration is overruled.

*Motion for reconsideration overruled.*

CHRISTLEY and NADER, JJ., concur.

---

**2.** Reporter's Note: "The person who clearly follows the marked path does not fall into the canyons and caverns of the Carpathian Mountains."