[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before the court upon the motion of appellant, Amy J. Lucal, for reconsideration of our decision and judgment entry entered March 6, 2000.
Reconsideration of an appellate decision is permitted under App.R. 26(A). It is warranted only if the motion specifies an error in the court's decision or identifies an issue that was not fully considered by the court when it should have been. Statev. Owens (1997), 112 Ohio App.3d 334, 335-336, and Matthews v.Matthews (1981), 5 Ohio App.3d 140, 143.
The first issue raised by appellant is that we should have considered whether the trial court erred by awarding appellee prejudgment interest after the date the judgment was satisfied, which was nearly two years before the order of prejudgment interest was entered.
In her second assignment of error, appellant contended that the trial court erred by awarding appellee prejudgment interest when a portion of the damages represented future damages. In her reply brief she also noted "as additional evidence of the punitive and unreasonable nature in which the prejudgment interest was calculated in this case," that the court awarded appellee interest from the date of the accident until the date of that order, which was nearly two years after the judgment had been paid. Appellant did not assign this issue as error, but did raise the issue during oral argument. Therefore, in the interest of justice, we will address the issue on reconsideration. We hereby amend our decision and judgment entry as follows to add the following paragraph to page 10 after the first full paragraph and revise the final paragraph:
 "The trial court ordered that prejudgment interest be paid from the date of the accident until February 19, 1999, the date on which the court's order was entered. However, appellant had paid the judgment in full on February 12, 1997. R.C. 1343.03 provides that prejudgment interest may be awarded from the date the cause of action accrued until the date the money is paid. We agree with appellant that the trial court erred by awarding prejudgment interest after February 12, 1997.
 "Having found that the trial court did commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is reversed in part and affirmed in part. The judgment is reversed only insofar as it awards prejudgment interest after February 12, 1997. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal."
Appellant also argues that we did not fully consider the issue of whether appellee was entitled to prejudgment interest. Appellant contends that we did not specifically find that appellee negotiated in good faith. We agree. Therefore, we hereby modify the first full paragraph of page nine to insert the following sentence preceding the final sentence in the paragraph:
 "We further find that the trial court did not abuse its discretion by finding that appellee negotiated in good faith."
Accordingly, this court hereby issues this correction and notice of errata and orders that the decision and judgment entry be amended and revised as indicated above.
 _______________________________ Peter M. Handwork, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski,J., CONCUR JUDGE.