OPINION JOURNAL ENTRY
On May 5, 2000, this Court entered an Opinion whereby the decision of the trial court in this matter was reversed and remanded. Essentially, we held that summary judgment was inappropriate in this medical malpractice action in that there was a material question of fact as to when Appellant knew or should have known malpractice occurred for statute of limitations purposes.
On February 20, 2001, over nine months later, Appellee filed a motion for reconsideration of the May of 2000 decision. Appellee gives absolutely no reason for the extreme tardiness of the motion. Instead, Appellee argues that because one judge on the original three-judge panel, a concurring judge, has admitted to accepting monies in the form of loans from one of Appellant's lawyers and is currently facing possible disciplinary action for so doing, this fact alone warrants reconsideration of our earlier unanimous decision. For the following reasons, Appellee's motion must be overruled.
Appellate Rule 26(A) sets out the guidelines and strictures for requesting reconsideration of an appeals court decision. The rule is very succinct. It mandates that such requests be made in writing and filed no later than, ". . .within ten days after the announcement of the court's decision. . .". There is no provision for extending this deadline. Thus, it is apparent on its face that Appellee's request is made well beyond rule, and for that reason alone should be dismissed by this Court.
As Appellant points out, even if Appellee could construe App.R. 26 to include some kind of grace period for later discovered information, Appellee would still be time-barred. Appellee knew or should have known all of the information alleged to be pertinent in Appellee's motion well before November, 2000.
However, the rule does not allow for such a "grace" period. This is apparently because any and all alleged problems with the decision which can be corrected by reconsideration are those which deal with the legal reasoning on which the decision is based and not on one judge's alleged personal problems.
App.R. 26 does not provide a standard of review to be used when revisiting an opinion on a request for reconsideration. However, such a standard has evolved in case law. The general rule is that a decision should be reconsidered when the motion requesting it, ". . .calls to the attention of the Court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." State v. Young
(February 3, 2000), Belmont County App. No. 96 BA 34, unreported at p. 2 citing Ottawa County v. Marblehead (1995), 102 Ohio App.3d 306. This rule cannot be used when a party simply disagrees with the outcome of the matter. State v. Owens (1996), 112 Ohio App.3d 334, 336. It can only be used where the Court makes an obvious factual or legal error or where the Court has presented an opinion which cannot be supported by law. Id. See also Kosvshovik v. Mandik (Dec. 20, 1999), Columbiana County App. No. 97 CO 41.
Appellee's motion is completely silent as to any factual or legal error directly relating to the decision itself. Not once does the motion bring to this Court's attention any fact involved with this case which we may have overlooked or misconstrued. Not once does Appellee argue that any matter of law found within our original opinion was miscited, overruled, misquoted or otherwise erroneous. Instead, Appellee argues that possible ethical violations on the part of one judge, unknown to the parties or to the other two judges on the panel, including the writing judge, require the matter to be reconsidered, even though Appellee can find no fault with the decision, itself, other than the fact that he did not prevail. By failing to raise appropriate matters for reconsideration under the rule, Appellee implicitly admits he has none.
For all of the foregoing, Appellee's motion is overruled as untimely and baseless.
Waite, J., concurs
Donofrio, J., concurs
DeGenaro, J., concurs