OPINION AND JOURNAL ENTRY
{¶ 1} This matter comes before us on an application for reconsideration filed by the Defendant/Third-Party Appellant, Heritage Transport. Heritage asks that we reconsider our decision in StadiumLincoln-Mercury, Inc. v. Heritage Transport, 7th Dist. No. 04 MA 67,2005-Ohio-1328. But Heritage did not fully explain why it is entitled to reconsideration in its application since it did not file a memorandum supporting its request with its application. Furthermore, the memorandum Heritage filed ten days later does not shown that our opinion on the merits contains an obvious error or that we failed to fully consider each of Heritage's arguments in that opinion. Accordingly, its application for reconsideration is denied.
 {¶ 2} Heritage filed a document titled "Application for Reconsideration Pursuant to Ohio Rule of Appellate Procedure 26" on April 1, 2005, within the ten day period described in the Rule. That document claimed that we should reconsider our decision due to "an internal inconsistency," but failed to describe that inconsistency. Instead, the document claimed that "[t]he internal inconsistency is more fully explained in the brief in support of this application." Heritage did not attach such a brief to this document. Ten days later, the Appellant, Stadium Lincoln-Mercury, Inc., filed their brief opposing the application, as they were obligated to do by App.R. 26(A). On that same day, Heritage filed its memorandum in support of its application for reconsideration.
 {¶ 3} Stadium Lincoln-Mercury argues that Heritage's application is untimely since Heritage did not file a brief supporting its application with the application. We do not completely agree with Stadium Lincoln-Mercury's position. App.R. 26(A) allows a party to ask us to reconsider any opinion by filing an application for reconsideration within ten days after the announcement of the court's decision. Heritage filed its application on April 1, 2005, which is within ten days after we instructed the clerk to issue our mandate. Thus, its application is timely.
 {¶ 4} However, App.R. 15(A) requires that briefs, affidavits, and other papers supporting any application to this court for any order must "be served and filed with the motion." The reason for this is obvious. Both App.R. 15(A) and App.R. 26(A) require a party opposing the application to file its response within ten days. If the party applying for reconsideration did not explain the basis for its request with its application, then the party opposing the application would have nothing to respond to. In fact, this is precisely what happened in this case. Stadium Lincoln-Mercury could not respond substantively to Heritage's application since that application contained no substantive claims.
 {¶ 5} Because App.R. 15(A) states that briefs supporting an application must be filed and served with the application, we will only consider the information contained in the application and will disregard the arguments in Heritage's April 11th memorandum in support of the application. We will now turn to the merits of those arguments.
 {¶ 6} The standard for reviewing an application for reconsideration is whether the application "`calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.'" Juhasz v. Costanzo (Feb. 7, 2002), 7th Dist. No. 99-CA-294, quoting Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 7} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996), 112 Ohio App.3d 334,336, 678 N.E.2d 956.
 {¶ 8} In its application for reconsideration, Heritage argues that our opinion is internally inconsistent, but does not specify how it believes our opinion is inconsistent. We have reviewed our opinion and see no inconsistency. Accordingly, Heritage's application for reconsideration is denied.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.