[Cite as *Jones v. Catholic Healthcare Partners, Inc.*, 2013-Ohio-3990.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHRISTINE M. JONES | ) | CASE NO. 11 MA 23 |
| | ) | |
| APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| CATHOLIC HEALTHCARE | ) | |
| PARTNERS, INC., et al. | ) | |
| | ) | |
| APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Appellant's Request for Reconsideration


JUDGMENT:                                         Request Denied.

APPEARANCES:

For Appellee:                                       Atty. Patrick E. Parry
                                                          434 High Street
                                                          P.O. Box 792
                                                          Warren, Ohio  44482


For Appellant:                                     Atty. Thomas R. Wyatt
                                                          Atty. Jerry P. Cline
                                                          Andrews & Wyatt, LLC
                                                          561 Boston Bills Road, Suite 700
                                                          Hudson, Ohio  44236


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                          Dated:  September 11, 2013

[Cite as *Jones v. Catholic Healthcare Partners, Inc.*, 2013-Ohio-3990.]
PER CURIAM.

{¶1} The matter before us concerns Appellant's timely motion for reconsideration. The record below reflects uncontradicted medical testimony that Appellee received a physical injury while she was held hostage during a crises at work. Appellant disagrees that both this evidence and the fact of the hostage situation itself were appropriate factors resulting in Appellee's post-traumatic stress disorder ("PTSD"), sufficient to support a workers' compensation award. Appellant takes issue with our characterization of its arguments regarding "sole causation." Appellant asserts it used only the phrase "proximate cause" in its brief and did not refer to "sole causation." Appellant mistakes our distinction between using the phrase "proximate cause" to mean, as Appellant contends, that Appellee can receive workers' compensation for PTSD only if she can prove that she would suffer from PTSD because of her wrist fracture alone and completely unrelated to her status as a hostage and, as is the applicable standard, using the phrase to mean that "when two factors combine to produce damage or illness, each is a proximate cause." *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 588, 575 N.E.2d 828 (1991). Appellant also renews its argument, previously rejected by this Court, that Appellee's treating physician's uncontradicted conclusion that her wrist fracture and the hostage situation both contributed to Appellee's condition violates his definition of PTSD. Because our Opinion on the merits does not contain any obvious error and it is apparent that we gave full consideration to Appellant's single assignment of error, this application for reconsideration is denied.

**{¶2}** The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. Similarly, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellant court makes an obvious error or renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

**{¶3}** In our Opinion, we determined that although Appellant correctly cites to "proximate cause" in its argument against recovery by Appellee, the argument as advanced by Appellant actually demands a standard of causation so enhanced that it serves to eliminate the concept of multiple contributing factors. Appellant's theory, if we agreed, would have forced the conclusion that recovery in workers' compensation may be had only if physical injury, taken alone, was the sole cause of PTSD. Appellant's contention that, in order to recover for PTSD, Appellee's wrist injury, standing alone must account for her trauma without consideration of her status as a hostage, is a sole causation argument. Appellant's insistence on reducing Dr. Heltzel's actual testimony concerning the multiple factors that contributed to Appellee's PTSD to a list of misleading fragments reflects this argument: "(1) the

hostage crisis was a proximate cause of Appellee's PTSD; (2) Appellee would most likely have developed PTSD without *any* physical injury; (3) PTSD would not arise from a wrist injury; * * * " (Emphasis sic). (1/9/13 Request for Reconsideration, p. 6.) These assertions do not reflect the totality of Dr. Heltzel's uncontradicted testimony, and even if they did, do not have the dispositive significance Appellant continues to urge. Appellee is not required to demonstrate that she would suffer from PTSD if her wrist had been fractured absent her being held hostage, nor is she required to demonstrate that being held hostage did not play a role in the development of her PTSD. Appellee, in compliance with R.C. 4123.01(C)(1), is required to demonstrate a causal connection between her covered physical injury and her psychological trauma. Appellee has satisfied this burden with the deposition testimony of her treating physician. According to the testimony in the deposition, the experience of being held hostage and having her wrist fractured by the hostage taker were both factors in the development of her PTSD: "direct threat with a weapon and the verbal threat by the inmate, as well as the physical assault on Ms. Jones, which conveys a dominance over a person, increase the sense of helplessness;" the actual physical injury, according to the doctor, is "a definite contributing factor as one important feature of an overall traumatic event." (8/9/10 Heltzel Depo., pp. 16-20.) Appellant's insistence that this conclusion conflicted with Dr. Heltzel's own definition of PTSD is not supported by the testimony as it appears in the record. As our Opinion reflected, Dr. Heltzel actually stated as follows:

I'll need to scan my -- the definition because it's quite lengthy. The essential aspect of post-traumatic stress disorder is an experience of an event that involves actual or threatened death or serious injury or other threat to one's physical integrity; so that the concept of the physical injury is incorporated into that initial definition.

Further on the definition states that the disorder may be especially severe and long-lasting when the stresser [sic] is of human design, such as torture or rape. The likelihood of developing this disorder may increase as the intensity of the physical proximity to the stresser [sic] increase.

(8/9/10 Heltzel Depo., p. 15.) Hence, Appellant's version of the "definition" offered by Dr. Heltzel does not reflect the testimony that appears in the deposition, or any other portion of the record. As noted in our original Opinion, the record does not reflect conflicting testimony by Dr. Heltzel or anyone else. In the absence of conflicting evidence, no further analysis of Appellant's self-serving argument was necessary. Unlike the circumstances presented in *Armstrong v. John R. Jurgensen Co.,* 2013-Ohio-2237 (Slip Opinion, decided June 4, 2013), there is no conflicting evidence placed in the record by Appellant to preserve a factual issue concerning causation.

{¶4} Similarly, Appellant's arguments concerning the manner in which Appellee was diagnosed and the extent of Dr. Heltzel's review of additional medical records are not based in law or fact, but instead, in Appellant's unsupported assertion that the diagnosis is unsound. It is certainly true that additional or different material in

the record could alter an outcome, but this Court, when reviewing the record supporting summary judgment, does not resolve a matter by ignoring material in the record nor will we speculate concerning what other evidence we might prefer. Because Appellant's arguments were fully considered by us prior to ruling on the matter, are not supported by the record, and because the evidence in the record supports the conclusion reached by the trial court, Appellant's motion for reconsideration is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.