[Cite as *Huff v. Ohio State Racing Comm.*, 2017-Ohio-948.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J. Frederick Huff, Jr., | : | |
| Appellant-Appellant, | : | No. 15AP-586 |
| | | (C.P.C. No. 15CV-1225) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio State Racing Commission, | : | |
| Appellee-Appellee. | : | |

—————

D E C I S I O N

Rendered on March 16, 2017

—————

**On brief:** *Graff & McGovern, LPA*, and *John A. Izzo*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, and *Paul Kulwinski*, for appellee.

—————

ON APPLICATION FOR RECONSIDERATION

BROWN, J.

{¶ 1} Appellant, J. Frederick Huff, Jr., has filed a timely application for reconsideration, pursuant to App.R. 26(A), asking this court to reconsider its decision rendered on December 22, 2016 in *Huff v. Ohio State Racing Comm.*, 10th Dist. No. 15AP-586, 2016-Ohio-8336. Appellee, Ohio State Racing Commission ("commission"), filed a memorandum in opposition. For the following reasons, we grant appellant's application for reconsideration.

{¶ 2} The test generally applied on the filing of an application for reconsideration in the court of appeals is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987); *Matthews v. Matthews*, 5 Ohio

App.3d 140 (10th Dist.1981). " '[A]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court.' " *Columbus v. Dials*, 10th Dist. No. 04AP-1099, 2006-Ohio-227, ¶ 3, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *Owens* at 336.

{¶ 3} In this court's decision, we concluded that the commission erred in finding appellant violated Ohio Adm.Code 3769-18-01, but did not err in finding appellant violated Ohio Adm.Code 3769-18-02 and 3769-18-03. Appellant argues this court committed an obvious error in our analysis of Ohio Adm.Code 3769-18-02 and 3769-18-03.

{¶ 4} Appellant argues he could not have violated Ohio Adm.Code 3769-18-02 because he was not present in the state testing barn when the horse left the barn before the veterinarian obtained all required specimens and it was the groom who was responsible for the horse and confirming the veterinarian obtained all required specimens. Further, he argues that he is only strictly liable for the condition of the horse, not for the horse remaining in the testing barn.

{¶ 5} Ohio Adm.Code 3769-18-02(A) is known as the trainer responsibility rule, or absolute insurer rule, and provides that the "[t]rainer shall be the absolute insurer of, and responsible for, the condition of the horse entered in a race, regardless of the acts of third parties." Further, the rule requires the horse to "remain in the state testing barn area until required specimens have been obtained by the veterinarian and until he shall have released said horses." This language provides that the trainer is responsible for the horse. The language does not limit the strict liability to positive drug testing, but imposes strict liability on the trainer for the condition of the horse.

{¶ 6} Ohio Adm.Code 3769-18-03(A) provides, as follows:

> The owner, trainer, groom or other representative must be present in the state testing barn when a test sample is taken from the horse, and must remain until the test sample is sealed. The official tag attached to a test sample shall be signed by the owner, trainer, groom or other representative, as witness to the taking of such test sample. Willful failure to

> be present at, or a refusal to allow, or any act or threat to impede or prevent or otherwise interfere with, the taking of any such test sample shall subject the licensee guilty thereof to immediate suspension by the judges, and the matter shall be referred to the commission for its consideration.

{¶ 7} The language of this rule provides a violation occurs when an owner, trainer, groom or other representative refuses "to allow, or any act * * * to impede or prevent or otherwise interfere with, the taking of any such test sample shall subject the licensee guilty thereof to immediate suspension by the judges." Here, there is no question that the groom's actions impeded or prevented the taking of the test sample. That groom is the licensee "guilty thereof" and subject to penalties, not appellant. Ohio Adm.Code 3769-18-03(A).

{¶ 8} Accordingly, we grant appellant's application for reconsideration. On reconsideration, we find appellant did not violate Ohio Adm.Code 3769-18-03(A), but did violate Ohio Adm.Code 3769-18-02(A) because the horse did not remain in the state testing barn until all required specimens were obtained by the veterinarian and until the veterinarian released said horse and the trainer is responsible for the condition of the horse. This cause is remanded again to the commission for further proceedings in accordance with law, consistent with this decision.

*Application for reconsideration granted;*
*cause remanded.*

TYACK, P.J., and SADLER, J., concur.

_____