NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0607n.06

Case No. 18-3228

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 03, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DEON MCGREGOR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. After Deon McGregor pleaded guilty to possessing ammunition as a felon, the district court applied USSG § 2K2.1(b)(6)(B)'s four-level sentencing enhancement for possession "in connection with another felony offense"—felonious assault under Ohio law. McGregor appeals. For the reasons that follow, we AFFIRM.

**I.**

The court discerned the facts important to sentencing Deon McGregor from surveillance camera footage of events leading to his arrest in connection with an April 2017 shooting. McGregor pulled into the local bar where he confronted his girlfriend during her bartending shift. The footage shows him walking in, slapping her, and then leaving for the parking lot with her. Three individuals followed, including R.K., whom McGregor suspected to be romantically involved with his girlfriend. The men argued briefly before R.K. and his friends turned to walk

away.  As they did, McGregor fired five rounds at their backs, hitting R.K.'s vehicle three times as the group ran for cover behind it.

McGregor eventually pleaded guilty to unlawfully possessing ammunition as a felon, 18 U.S.C. § 922(g)(1), and this appeal concerns his objection to a recommended four-level sentencing enhancement under USSG § 2K2.1(b)(6)(B) for possessing ammunition in connection with another felony offense, specifically felonious assault.

From its review of the parties' sentencing memoranda, its viewing of the surveillance video, and oral argument, the district court found that a preponderance of the evidence supported finding McGregor committed felonious assault.  It decided to adopt the reasoning offered in the United States' sentencing memorandum, which stated as follows:

> The four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of ammunition in connection with another felony offense applies in this case.  This enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 n. 14.  Notably, the ammunition need not actually be used to facilitate the offense; it is sufficient that it "had the potential" to facilitate the offense.

> McGregor's ammunition possession facilitated or had the potential to facilitate felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2). This statute provides that "[n]o person shall knowingly . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code § 2903.11(A)(2).  Although Defendant contends that he "shot at R.K.'s unoccupied car," the surveillance video belies this self-serving contention.  Surveillance video shows McGregor facing R.K. and his friends while they walk away and then opening fire at their backs.  It further shows R.K. and his friends running and hiding behind parked cars when the shots commence.  As the PSR succinctly concludes: "Moments after McGregor violently hit his girlfriend (R.J.) over the head and subsequently exited the bar with R.J., McGregor knowingly and intentionally shot at R.K. and two others five times as they walked toward R.K.'s vehicle, three of which rounds in fact hit R.K.'s vehicle."

> Moreover, although McGregor claims has [sic] "intent was to damage their property and not to harm their person," Ohio law does not require that Defendant specifically intended physical harm to a person.  Rather, the felonious assault statute requires that the offender act "knowingly," which Ohio law defines

as follows: "A person acts knowingly, *regardless of his purpose*, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." *Id.* § 2901.22(B) (emphasis added); *compare* Ohio Rev. Code § 2901.22(A) ("A person acts purposely when it is the person's specific intention to cause a certain result").

> This Court may find by a preponderance of the evidence that McGregor knowingly attempted to cause harm to R.K. with a deadly weapon. McGregor had ample motive: he believed R.K. was involved in a romantic relationship with R.J. Indeed, Defendant violently slapped R.J. in the face minutes earlier over this dispute. Moreover, having just argued with R.K. and his friends in the parking lot, McGregor clearly knew that they were present in the parking lot and could be physically harmed when he fired the shots. That R.K. and his friends ran for cover immediately upon hearing the shots also suggests that McGregor was shooting in their direction. Indeed, McGregor actually hit R.K.'s car three times, close to where the three were hiding. Regardless of whether McGregor specifically intended to shoot R.K., he knew that "his conduct will probably cause a certain result or will probably be of a certain nature." Ohio Rev. Code § 2901.22(B). Under these circumstances, this Court may find that Defendant acted knowingly in committing felonious assault. *See State v. Gregory*, 628 N.E.2d 86, 91 (Ohio Ct. App. 1993) ("The shooting of a gun in a place where there is a risk of injury to one or more persons supports the inference that [defendant] acted knowingly."). Thus, the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of ammunition in connection with another felony offense is appropriate.

R. 20, U.S. Sentencing Memo., PageID 117–19 (footnote and record citations omitted). The district court also issued a written memorandum opinion on sentencing.

McGregor appeals the court's application of the enhancement to his Guidelines range calculation.

## II.

We review for clear error the district court's factual finding that McGregor acted "knowingly" and give due deference to the district court's determination that McGregor possessed ammunition in connection with another felony, namely felonious assault, such that the USSG § 2K2.1(b)(6)(B) enhancement applies. *United States v. Taylor*, 648 F.3d 417, 431–32 (6th Cir. 2011).

We find nothing clearly erroneous about the court's finding that McGregor acted knowingly. The surveillance footage amply supports finding that McGregor, having just argued with R.K., knew the group was in the parking lot. Under Ohio law, firing in the direction of another individual supports finding the defendant acted knowingly. *See, e.g.*, *State v. Salinas*, 706 N.E.2d 381, 389–90 (Ohio Ct. App. 1997); *State v. Owens*, 678 N.E.2d 956, 958 (Ohio Ct. App. 1996). That McGregor's shots hit close to where the group hid further supports the court's finding that, regardless of his purpose, McGregor was aware that his conduct would probably cause a certain result. *See* Ohio Rev. Code § 2901.22(B).

McGregor seeks to defend using our distinguishable decision in *United States v. Gillespie*, 713 F. App'x 471 (6th Cir. 2017). True, video evidence prompted a reversal in favor of the defendant in that case. But there, video contradicted the police officer's statements that the defendant pointed a gun at him, an element of the charged offense. *Id.* at 476. Precisely the opposite holds here: footage of McGregor firing after R.K. and his friends contradicts his claimed defense and bolsters the court's finding that he acted knowingly.

### III.

The district court did not err—much less clearly err—in finding that McGregor acted knowingly in committing felonious assault by firing ammunition in these circumstances. Thus, giving due deference to the district court's determination that the four-level enhancement applies to McGregor's conduct, we AFFIRM.