[Cite as *Gateway Royalty, L.L.C. v. Chesapeake Exploration, L.L.C.*, 2020-Ohio-3581.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

GATEWAY ROYALTY, L.L.C.,

Plaintiff-Appellant

v.

CHESAPEAKE EXPLORATION, L.L.C., ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CA 0933**

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Robert Sanders*, 12051 Old Marlboro Pike, Upper Marlboro, Maryland 20772 and *Atty. James Lowe*, Lowe, Eklund & Wakefield Co. LPA, 1660 West Second Street, 610 Skylight Office Tower, Cleveland, Ohio 44113, for Plaintiff-Appellant and

*Atty. Peter Lusenhop, Atty. Timothy McGranor, Atty. Andrew Guran, Atty. Thomas Fusonie, Atty. Mitchell Tobias, Atty. Ilya Batikov,* Vorys, Sater, Seymour and Pease LLP., 52 East Gay Street, P.O. Box 1008, Columbus, Ohio 43216, and

*Atty. William Connolly,* Drinker Biddle & Reath, LLP., One Logan Square, Suite 2000, Philadelphia, Pennsylvania 19103, and

*Atty. Daniel Donovan,* Kirkland & Ellis, LLP., 655 Fifteenth Street, N.W., Washington, DC 20005, for Defendants-Appellees.

Dated:
June 24, 2020

**PER CURIAM.**

**{¶1}** Plaintiff-appellant, Gateway Royalty, LLC, has filed a motion for reconsideration asking this court to reconsider our decision and judgment entry in which we affirmed the judgment of the Carroll County Common Pleas Court. See *Gateway Royalty, LLC, v. Chesapeake Exploration, et al.*, 7th Dist. Carroll No. 19 CA 0933, 2020-Ohio-1311.

**{¶2}** App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶3}** Gateway asserts that this Court failed to consider evidence that the gas producers breached the oil and gas leases by paying royalties on the wrong sale price. Specifically, Gateway claims we failed to consider the "trial balance" and Megan Martin's testimony regarding the trial balance.

**{¶4}** This Court thoroughly addressed Gateway's argument that the gas producers breached the oil and gas leases by paying royalties on the wrong sale price.

Case No. 19 CA 0933

*Gateway Royalty*, 2020-Ohio-1311, at ¶¶ 17-32. In so doing, we conducted a de novo review and considered all evidence properly before us. *Id.* at ¶¶ 12-13. We pointed out that if the oil and gas leases were clear and unambiguous, we could not consider the extrinsic evidence Gateway urged us to consider. *Id.* at ¶ 24. We then concluded the oil and gas leases were clear and unambiguous and the Chesapeake defendants properly calculated the royalty payments based on the terms of the oil and gas leases. *Id.* at ¶ 33.

**{¶5}** Gateway has not raised an obvious error in this Court's decision nor has it raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been. It simply urges us to reconsider the evidence.

**{¶6}** For the reasons stated, Gateway's application for reconsideration is hereby denied.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**