[Cite as *State v. Turney*, 2020-Ohio-4149.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case No. 28364 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2017-TRC-10914 |
| | : | |
| v. | : | (Criminal Appeal from |
| | : | Municipal Court) |
| MARIA TURNEY | : | |
| | : | |
| Defendant-Appellant | | |

. . . . . . . . . . .

## DECISION AND ENTRY

Rendered on the 20th day of August, 2020

. . . . . . . . . . .

PER CURIAM:

{¶ 1}   This matter comes before us on Maria Turney's App.R. 26(A) application for reconsideration. We affirmed her conviction for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(d) in *State v. Turney*, 2d Dist. Montgomery No.

28364, 2020-Ohio-3298.

{¶ 2} " 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *State v. Gillispie*, 2012-Ohio-2942, 985 N.E.2d 145, ¶ 9 (2d Dist.), quoting *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). "The test generally applied to a motion for reconsideration is that it must call the court's attention to obvious errors in a decision or must raise issues that the court either failed to consider or did not fully consider when the original decision was made." *Id*.

{¶ 3} Turney contends that we made an obvious error in paragraph 37 of our opinion. We agree. The problematic paragraph reads:

> But *Durnwald* was both an impairment and a per se case, and the disputed evidence was argued to be admissible in response to the impairment charge. That distinction was noted by the Tenth District in *State v. Sabo*, 10th Dist. Franklin No. 04AP-1114, 2006-Ohio-1521. In *Sabo* the trial court had denied admission of evidence of "the actions and level of impairment exhibited by a person with a .22 BAC test level compared to the defendant's behavior." *Id*. at ¶ 27. The evidence had been offered "for the sole purpose of refuting the [per se] charge." *Id*. at ¶ 31. The case before us involved exclusively a per se charge, and we agree with the conclusion in *Sabo* that levels of impairment and comparisons of that behavior to the accused's behavior are not admissible in regard to a per se charge.

Turney correctly points out that the quotation from *Sabo* is talking about the facts of *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867, 837 N.E.2d 1234 (6th Dist.), so we are

actually quoting the facts not of *Sabo* but of *Durnwald*, which we discussed in the previous paragraph of our decision. We agree that we made an obvious mistake in our opinion. So we grant Turney's application for reconsideration and examine whether our mistake affected the judgment.

{¶ 4} The first sentence of paragraph 37 is correct: "*Durnwald* was both an impairment and a per se case, and the disputed evidence was argued to be admissible in response to the impairment charge." The second part of that sentence is based on *Durnwald*'s statement that "Dr. Staubus was not, however, permitted to testify regarding the expected behavior of someone who tested at 0.22 BAC level, *for the purposes of refuting the R.C. 4511.19(A)(1) impairment charge.*" (Emphasis added.) *Durnwald* at ¶ 50. Nevertheless, the appellate court determined that the behavior testimony "was relevant to appellant's defense against the accuracy of his particular BAC test" because it may have assisted "the jury's understanding of the weight to be given to the BAC test results for each charge." *Id.* To prove an impairment charge, the state must prove that the defendant was "under the influence." R.C. 4511.19(A)(1)(a). But to prove a per se charge, the state must prove only that the defendant had a prohibited BAC level. The defendant in *Durnwald* had been charged with both types of OVI charges, and to prove both charges, the state presented a BAC test result showing that the defendant had a 0.22 BAC level. The *Durnwald* court's conclusion that the lack-of-impairment evidence should be admissible to rebut both charges cannot be reconciled with its statement that the evidence was excluded by the trial court to rebut the impairment charge. In order to avoid any potential confusion from the first sentence of paragraph 37, we will reword the first sentence to read: "But *Durnwald* was both an impairment and a per se case, and the court of appeals commented that the trial court

had not admitted the disputed evidence in response to the impairment charge."

{¶ 5}  *Sabo* was also both an impairment and a per se case. But in *Sabo*, the defendant sought to rebut the *per se* charge with expert testimony that challenged the accuracy of the BAC test result based on the potential effects of gastroesophageal reflux disease (GERD), which testimony the trial court did not permit. The *Sabo* court distinguished *Durnwald* because in that case the disputed testimony concerned expected behavior offered to rebut the impairment charge. *Sabo,* 2006-Ohio-1521, at ¶ 31 (saying that "the *Durnwald* case stands for a different proposition than that asserted in the instant case"). *Sabo* went on to conclude that the GERD testimony was properly excluded.

{¶ 6}  The present case is distinguishable from both *Durnwald* and *Sabo*. Like *Durnwald*, the disputed expert testimony here concerns expected behavior of impairment, but unlike that case, the testimony was offered for the sole purpose of rebutting a per se charge. And like *Sabo*, the testimony was offered for the purpose of rebutting a per se charge, but unlike *Sabo*, the testimony did not concern the potential effects of GERD. While our reliance on *Sabo*'s conclusion in paragraph 37 of our opinion is misplaced, that *Durnwald* is distinguishable from the present case remains true. Evidence of the lack of impairment was otherwise admissible in *Durnwald* because there was a charge of impairment. We continue to adhere to our conclusion in the final sentence of the paragraph that "levels of impairment and comparisons of that behavior to the accused's behavior are not admissible in regard to a per se charge." We note too that we gave other reasons in our opinion for our conclusion that the trial court did not abuse its discretion by excluding the expected-impairment evidence.

{¶ 7} We conclude that the error in our opinion is therefore harmless, as it did not

affect our resolution of the matter at issue. So our final judgment in this case is unaffected. Still, we will file an amended opinion that corrects paragraph 37 to read as follows:

But *Durnwald* was both an impairment and a per se case, and the court of appeals commented that the trial court had not admitted the disputed evidence in response to the impairment charge. That distinction was noted by the Tenth District in *State v. Sabo*, 10th Dist. Franklin No. 04AP-1114, 2006-Ohio-1521. *Sabo* was also both an impairment and a per se case, but unlike *Durnwald*, the disputed evidence in *Sabo* concerned the potential effects of GERD and was presented to rebut only the *per se* charge. Also, in *Sabo* there was no testimony that the defendant even had the condition. It was on these bases that *Sabo* distinguished *Durnwald*. The case before us involved exclusively expected-behavior testimony to rebut a per se charge. We conclude that levels of impairment and comparisons of that behavior to the accused's behavior are not admissible exclusively in regard to a per se charge.

{¶ 8} SO ORDERED.

 

MARY E. DONOVAN, Judge

 

MICHAEL T. HALL, Judge

 

JEFFREY M. WELBAUM, Judge

Copies mailed to:

Stephanie L. Cook
City of Dayton Prosecutor's Office
335 W. Third Street, Room 372
Dayton, OH 45402

Blaise Katter
3240 Henderson Road, Suite B
Columbus, OH 43220

Hon. Thomas Hagel, Visiting Judge
c/o Dayton Municipal court
301 W. Third Street
Dayton, OH 45402

COA2//LR