[Cite as *Ullman v. Whitacre Ents., Inc.*, 2022-Ohio-1447.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

ROBERT L. ULLMAN, et al.,

Plaintiffs-Appellees,

v.

WHITACRE ENTERPRISES, INC., et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 19 MO 0025; 19 MO 0026**

---

Appellees' Partial Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

**JUDGMENT:**
Denied.

*Atty. Sara E. Fanning*, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215 and *Atty. Timothy B. Pettorini*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, for Plaintiffs-Appellees Robert L. Ullman and Carol J. Ullman

*Atty. Matthew W. Warnock*, *Atty. Aaron Bruggeman*, *Atty. Kara H. Herrnstein* and *Atty. Daniel C. Gibson*, Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215, for Defendant-Appellant Gulfport Energy Corporation

*Atty. Todd J. Abbott*, Yoss Law Office, LLC, 122 N. Main Street, Woodsfield, Ohio 43793, for Defendants-Appellants Whitacre Enterprises, Inc., Koy L. Whitacre, Buckeye Oil Company, Whitacre Oil Company, and K.L.J., Inc.

*Atty. Christopher W. Rogers*, Frost Brown Todd, LLC, 501 Grant Street, Suite 800, Pittsburgh, Pennsylvania 15219, for Defendant-Appellant American Energy — Utica Minerals, LLC

Dated: April 4, 2022

**PER CURIAM.**

**{¶1}** On January 6, 2022, Appellees Robert L. and Carol J. Ullman filed a partial application for reconsideration of our Opinion in *Ullman v. Whitacre,* 7th Dist. Monroe Nos. 19 MO 0025, 19 MO 0026, 2021-Ohio-4656. In that Opinion, we reversed the judgment of the trial court, holding that Appellants failed to demonstrate that an oil and gas well located on their property was not producing oil and gas in paying quantities. As such, the lease was not forfeited by Appellants Koy L. Whitacre, Whitacre Enterprises, Buckeye Oil Company, Whitacre Oil Company, and K.L.J., Inc. For the reasons provided, Appellees' partial application for reconsideration is denied.

**{¶2}** The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

> An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.

*State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).

**{¶3}** At the onset, we note that Appellees do not contest our decision that the oil and gas well produced in paying quantities in the years 2011 through 2015. Instead, Appellees take issue with our decision pertaining to the years 2016 and 2017. In the event that this Court disagrees with their argument, Appellees then argue that those years are outside the scope of appeal and are inappropriate for appellate review.

**{¶4}** Importantly, we *sua sponte* raised the fact that the years 2016 and 2017 were not included within the complaint. However, as we acknowledged, the parties presented evidence and arguments pertaining to the production of the well during this time period within their respective motions for summary judgment. After hearing the parties' arguments, the trial court entered a ruling as to those years. Because the trial court was presented with a plethora of evidence and arguments as to those years by all parties and the court decided to enter a ruling, we chose to review that ruling as requested by the parties in their appellate briefs.

**{¶5}** On appeal, Appellees described the relevant time period within their brief: "from the relevant time at issue 2011 – 2017." (Appellees' Brf., p. 14.) The time period clearly includes the years 2016 and 2017. Both parties presented arguments within their

briefs as to whether the well produced oil and gas during these years and presented evidence supporting those arguments. In fact, in their application for partial reconsideration Appellees continue to argue that the evidence shows the well did not produce during 2016 and 2017 and only seek to have this Court rule that those years are outside of the scope of the complaint if we do not reconsider our decision regarding those years.

{¶6} It is clear that Appellees simply disagree with the analysis contained within our Opinion. Disagreement with the logic employed by this Court is not grounds for reconsideration. As to Appellees' request for a remand to allow the trial court to consider "more" evidence, Appellees had their chance to present evidence to the trial court. They did, in fact, present such as evidence, as the trial court record is replete with evidence concerning the production of the well during these years. This Court was presented with the same evidence and did not have before us any additional evidence that the trial court could have considered. Appellees essentially request a second bite of the apple to obtain a more favorable outcome, which is not proper grounds for an application for reconsideration. As such, Appellees' application for reconsideration is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

Case No. 19 MO 0025; 19 MO 0026

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**