[Cite as *Hamm v. Lorain Coal & Dock Co.*, 2022-Ohio-2644.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

H. JOSEPH HAMM ET AL.,

Plaintiffs-Appellees,

v.

THE LORAIN COAL & DOCK COMPANY ET AL.,

Defendants-Appellants

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 BE 0030

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Erik A. Schramm, Atty. Erik A. Schramm*, *Jr., Atty. Kyle W. Bickford,* Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, 46457 National Road West, St. Clairsville, Ohio 43950 for Plaintiffs-Appellees and

*Atty. Sara E. Fanning*, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215 for Defendants-Appellants.

Dated:
July 5, 2022

**PER CURIAM.**

{¶1} Plaintiffs-Appellees, H. Joseph Hamm, D. Joyce Yazombek, Trustee of the D. Joyce Yazombek Revocable Living Trust, Joseph Hicks Jr., Maxine Hicks, David Ellison, Elizabeth Ellison, Benjamin Taylor, Stephanie Taylor, Donald Lawson Jr., Cheryl Lawson, and Alex Kolb, have filed an application for reconsideration asking this court to reconsider our decision and judgment entry in which we reversed the jury's verdict and the Belmont County Common Pleas Court's judgment awarding compensatory damages on the slander of title claim, tortious interference with a contract claim, and tortious interference with a business relationship claim; reversed the court's award of attorney's fees; and remanded the matter for a new trial. *Hamm v. Lorain Coal & Dock Co.*, 7th Dist. Belmont No. 20 BE 0030, 2022-Ohio-1305.

{¶2} App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} In our opinion, we found that the trial court abused its discretion in not permitting Appellant Thunderbird to present evidence as to when and how appellees acquired title to the mineral interests at issue. *Hamm*, 2022-Ohio-1305, ¶ 59. We pointed out that this information was relevant in the jury's determination of whether Thunderbird

committed slander of title, tortious interference with a contract, and tortious interference with a business relationship. *Id.*

{¶4} Appellees now argue in their application for reconsideration that when title passed was not relevant to their claims.

{¶5} But we already determined that such evidence was in fact, relevant evidence that the trial court should have admitted. *Id.* at ¶¶ 56-59. Appellees simply disagree with our finding. Appellees have not raised an obvious error nor have they raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been.

{¶6} Appellees additionally argue that the evidence at trial established that Thunderbird slandered their title. Therefore, they claim we erred in reversing the trial court's award of attorney fees in their favor, which were premised upon the jury's verdict.

{¶7} The trial court awarded appellees attorney's fees, which it stated were awarded by virtue of the compensatory damages judgment against Thunderbird. But because this court determined that the jury verdict was to be reversed, we likewise determined the award of attorney fees must also be reversed as the attorney's fees award was based on the jury's award of damages. *Hamm*, 2022-Ohio-1305, ¶ 78. Appellees urge us to now consider other evidence they claim supports the jury's verdict, and therefore uphold the attorney's fees award. But as stated above, we have already determined that the jury's verdict must be reversed due to the exclusion of relevant evidence.

{¶8} Thus, we have already addressed appellees' arguments. Appellees merely disagree with the conclusions reached and the logic used by this court.

{¶9} For the reasons stated, the application for reconsideration is denied.

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

<u>Case No. 20 BE 0030</u>

**This document constitutes a final judgment entry.**