[Cite as *State v. Browning*, 2023-Ohio-1467.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

THOMAS CLARENCE BROWNING III,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 CO 0026

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, and *Atty. Tammie M. Jones*, Assistant Prosecuting Attorney, 135 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

Thomas Clarence Browning III, *Pro Se*, #A782319, Belmont Correctional Institution, 68518 Bannock Road, St. Clairsville, Ohio 43950, Defendant-Appellant.

Dated: May 2, 2023

**PER CURIAM.**

{¶1}    Appellant, Thomas Clarence Browning III, filed a pro se application requesting that this court reconsider our decision in *State v. Browning*, 7th Dist. Columbiana No. 21 CO 0026, 2023-Ohio-890, in which we affirmed the July 6, 2021 judgment of the Columbiana County Court of Common Pleas convicting and sentencing him to an indefinite prison term of six years (minimum) to nine years (maximum) for felonious assault and endangering children following a trial by jury.[1]  Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

{¶2}    An application for reconsideration must be filed within 10 days of an appellate court's judgment.  App.R. 26(A)(1)(a).  However, a delayed application for reconsideration pursuant to App.R. 26(A) is permitted if the moving party can establish "extraordinary circumstances."[2]  App.R. 14(B).

{¶3}    Here, this court decided Appellant's appeal and filed our judgment on Tuesday, March 14, 2023.  Thus, Appellant's application for reconsideration was to be filed no later than Friday, March 24, 2023.  However, Appellant did not file his application for reconsideration until Monday, March 27, 2023, slightly beyond the 10-day timeframe under App.R. 26(A)(1)(a).  Appellant fails to establish "extraordinary circumstances."  In addition, we find no obvious error in this court's decision.

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not

---

[1] Appellee, the State of Ohio, did not file a reply.

[2] "Extraordinary circumstances" is defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." *Black's Law Dictionary* (11th Ed.2019).

designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

{¶4} In his application, Appellant disagrees with this court's analysis and requests that we reconsider our decision affirming his conviction and sentence. Specifically, Appellant asserts his trial counsel rendered ineffective assistance, his constitutional rights were violated, and the weight of the evidence was insufficient to support his conviction. (3/27/2023 Motion for Reconsideration, p. 1).

{¶5} In *Browning*, we addressed Appellant's ineffective assistance of counsel and constitutional claims under his first assignment of error. *Browning,* 2023-Ohio-890, ¶ 25-54. Following a 30-paragraph discussion, this court, pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), determined: "the record establishes trial counsel's representation was constitutionally effective and did not affect Appellant's rights. Counsel's performance was neither deficient nor prejudicial. Appellant fails to demonstrate ineffective assistance of counsel." *Browning* at ¶ 53.

{¶6} In *Browning*, we also addressed Appellant's claim that the weight of the evidence was insufficient to support his conviction under his second assignment of error. *Id.* at ¶ 55-70. Following a 16-paragraph discussion, which included a thorough factual background and witness testimony, this court, pursuant to *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967), determined: "The jury chose to believe the State's witnesses." *Browning* at ¶ 69. This court, pursuant to *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), further determined: "Based on the evidence presented, as previously stated, the jury did not clearly lose its way in finding Appellant guilty of felonious assault and endangering children." *Browning* at ¶ 69.

{¶7} Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised

any issues that were not adequately addressed in our previous opinion.  This court is not persuaded that we erred as a matter of law.

{¶8}    An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court.  *Owens, supra,* at 336.  App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law.  *Id.* Appellant has made no such demonstration.

{¶9}    For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 21 CO 0026