[Cite as *Harsha v. Harsha*, 2024-Ohio-2758.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

LUANN L. HARSHA,

Plaintiff-Appellant,

v.

JAMES B. HARSHA,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0047**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Louis E. Katz*, for Plaintiff-Appellant and

*Atty. Jane M. Hanlin*, for Defendant-Appellee.

Dated:  July 19, 2024

**PER CURIAM.**

{¶1} Plaintiff-Appellant, Luann L. Harsha, has filed an application for reconsideration asking this Court to reconsider our decision and judgment entry in which we affirmed the trial court judgments maintaining a shared parenting plan and modifying a child support order. *Harsha v. Harsha*, 2024-Ohio-2177 (7th Dist.).

{¶2} App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} Appellant takes issue with the fact that this Court referenced the "investigation" by the Child Support Enforcement Agency (CSEA) throughout our Opinion. She now contends the CSEA never conducted an investigation but only asked the parties for copies of their income tax returns. She further contends the trial court did not adopt the CSEA's "investigation." Therefore, she asks this Court to reconsider our decision.

{¶4} Appellant is attempting to raise a factual issue that she did not raise in her appeal. An application for reconsideration is to be used only to call to our attention an obvious error in our decision or to raise an issue for our consideration that was either not at all or was not fully considered by us when it should have been.

{¶5} Appellant merely disagrees with the conclusions reached and the logic used by this Court.

Case No. 23 CO 0047

**{¶6}** For the reasons stated, the application for reconsideration is denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**