[Cite as *State v. Simmons*, 2023-Ohio-4713.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL L. SIMMONS AKA MEKIYEL MEKKA SINCERE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 JE 0022**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. George M. Sarap,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Michael L. Simmons aka Mekiyel Mekka Sincere, Defendant-Appellant.

Dated: December 21, 2023

**PER CURIAM.**

**{¶1}** Appellant, Michael L. Simmons, aka Mekiyel Mekka Sincere, filed a pro se application requesting that this court reconsider our decision in *State v. Simmons*, 7th Dist. Jefferson No. 22 JE 0022, 2023-Ohio-4246, in which we affirmed his convictions for felonious assault with specifications and having weapons while under disability following a trial by jury, but vacated his sentence and remanded the matter to the Jefferson County Court of Common Pleas for resentencing consistent with R.C. 2929.14(C)(4) (consecutive sentences) and R.C. 2929.19(B)(2)(c) (Reagan Tokes). Appellant contends that this court's decision affirming his convictions was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

**{¶2}** In his application, Appellant asserts this court made an obvious error and misstated the record regarding a gun being used in his altercation with Dominique Richardson, the victim. Contrary to Appellant's assertion, the record establishes this court neither made an obvious error nor misstated the record.

Case No. 22 JE 0022

**{¶3}** In *Simmons*, we stated the following:

Captain Buchmelter briefly interviewed Richardson in the detectives' office following the incident; the interview was recorded. (10/6/2022 Trial by Jury Tr., p. 70, 72). Richardson did not know Appellant before this incident. (*Id.* at p. 95). Richardson explained how the altercation occurred: Richardson got out of his car; saw another car pull up; a man got out of the vehicle, who he believed to be Appellant; the man walked over to Richardson; and attacked him with a gun. (*Id.* at p. 97-98). Richardson said the gun was not his and he believed it went off during the altercation but he was not hit by any gunfire. (*Id.* at p. 98). Richardson retrieved the gun and cartridge and later gave them to the police. (*Id.* at p. 98-99).

Detective Bissett viewed surveillance video footage of the security cameras from the apartment building. (*Id.* at p. 130); (Exhibits 47-49). The men identified in the altercation were Richardson and Appellant. (*Id.* at p. 137); (Exhibits 47-49). Appellant started the fight. (Exhibits 47-49). The video clearly shows Appellant drawing a handgun from his pants during the assault. (*Id.*); *see also* (10/11/2022 Sentencing Hearing Tr., p. 233); (10/13/2022 Sentencing Entry, p. 2-3). The gun discharged during the struggle but fortunately, Richardson was able to disarm Appellant. (Exhibits 47-49). Detective Bissett also viewed the firearm and testified it was operable. (10/6/2022 Trial by Jury Tr., p. 131). The results of the test-fire were submitted into evidence. (*Id.* at p. 132); (Exhibits 53-54). The serial number on that gun matches the serial number of the gun that was retrieved in this crime. (10/6/2022 Trial by Jury Tr., p. 133). After obtaining a search warrant, Detective Bissett got a swab from Appellant and sent it to BCI. (*Id.*)

BCI forensic scientist Altizer [testified] and wrote a report. (*Id.* at p. 115); (Exhibit 44). Sample 1.5, a swab of the front slight area of the firearm, revealed that Appellant was the major contributor (one in over a trillion people). (10/6/2022 Trial by Jury Tr., p. 118-119). Regarding Appellant's

DNA standard, Sample 3.1, the swab of the front slight area of the firearm revealed Appellant as the major contributor (one in over a trillion people). (*Id.*)

Also, the record reveals Appellant's criminal history involves a prior prison term, with probation revocations, including convictions for: corrupting another with drugs; trafficking in drugs; tampering with evidence; possession of drugs; having weapons while under disability; and carrying a concealed weapon. (10/11/2022 Sentencing Hearing Tr., p. 233-236); (10/13/2022 Sentencing Entry, p. 2).

* * * [T]here is sufficient evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of felonious assault and having weapons while under disability were proven. Thus, the trial court did not err in overruling Appellant's Crim.R. 29 motion.

Also, the jury chose to believe the State's witnesses. * * * Based on the evidence presented, as previously stated, the jury did not clearly lose its way in finding Appellant guilty of felonious assault and having weapons while under disability. * * *

(Citations omitted); *Simmons*, *supra*, at ¶ 33-38; *see also* ¶ 8-10.

**{¶4}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶5}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens, supra,* at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

Case No. 22 JE 0022

{¶6}   For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**