# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL L. SIMMONS AKA MEKIYEL MEKKA SINCERE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 JE 0006**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 21-CR-94

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. George M. Sarap,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Michael L. Simmons aka Mekiyel Mekka Sincere*, Pro se,* Defendant-Appellant.

Dated:  November 21, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Michael L. Simmons aka Mekiyel Mekka Sincere, appeals from a Jefferson County Common Pleas Court judgment sentencing him to consecutive sentences for felonious assault, with specifications for possession of a firearm and brandishing a firearm, and having weapons while under disability. Because the trial court made the requisite consecutive-sentencing findings and properly advised Appellant of his appellate rights, the trial court's judgment is affirmed.

{¶2} On June 2, 2021, a Jefferson County Grand Jury indicted Appellant on two counts: felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2), with specifications for possession of a firearm and brandishing a firearm; and having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3). The matter proceeded to a jury trial on October 6, 2022, where the jury convicted Appellant of both charges and specifications.

{¶3} At the subsequent sentencing hearing, the trial court sentenced Appellant to six years (minimum) to nine years (maximum) on count one, merged the firearm specifications to three years mandatory, and sentenced him to three years on count two. The court ordered Appellant to serve the sentences consecutively for a total of 12 years (minimum) to 15 years (maximum), the first three years being mandatory. The court further notified Appellant that he was subject to post-release control for a period of 18 months up to three years.

{¶4} Appellant filed a direct appeal with this Court. *State v. Simmons*, 2023-Ohio-4246 (7th Dist.). We affirmed Appellant's convictions but vacated his sentence and remanded the matter for resentencing. We found the trial court did not make the findings required to impose consecutive sentences and failed to give Appellant the advisements required by the Reagan Tokes Act. *Id.*

{¶5} Appellant next filed an application for reconsideration with this Court, which we denied on December 21, 2023. *State v. Simmons*, 2023-Ohio-4713 (7th Dist.).

{¶6} Appellant filed a second application for reconsideration with this Court, which we denied on February 6, 2024. *State v. Simmons*, 2024-Ohio-436 (7th Dist.), appeal not allowed, 2024-Ohio-3096.

**{¶7}** The Ohio Supreme Court while granting Appellant's motion for a delayed appeal, 2024-Ohio-1832, ultimately declined jurisdiction on August 20, 2024, 2024-Ohio-3096.

**{¶8}** In the meantime, the trial court held Appellant's resentencing hearing on March 1, 2024. The trial court once again sentenced Appellant to six years (minimum) to nine years (maximum) on count one, merged the firearm specifications to three years mandatory, and three years on count two. Once again the court ordered Appellant to serve the sentences consecutively for a total of 12 years (minimum) to 15 years (maximum), the first three years being mandatory.

**{¶9}** Appellant filed a timely notice of appeal on April 1, 2024. He now raises two assignments of error for our review.

**{¶10}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

**{¶11}** Appellant argues that the trial court erred in imposing consecutive sentences. More specifically, he claims the court failed to mention R.C. 2929.14(C)(4) and failed to engage in any analysis that would suggest the court considered the seriousness of his conduct when it ordered consecutive sentences.

**{¶12}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

**{¶13}** As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 2013-Ohio-2956, ¶ 17 (7th Dist.). The court need not give its reasons for making those findings however. *State v. Power*, 2013-Ohio-4254, ¶ 38 (7th Dist.). A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

**{¶15}** At the sentencing hearing, the trial court made each of the required consecutive-sentencing findings. It first found that consecutive sentences are necessary to protect the public from future crime and to punish Appellant. (Resentencing Tr. 9). It next found that consecutive sentences are not disproportionate to the seriousness of

Appellant's conduct and to the danger Appellant poses to the public. (Resentencing Tr. 9-10). Finally, it found that Appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Appellant. (Resentencing Tr. 10). The trial court also listed each of these findings in the sentencing judgment entry.

{¶16} Appellant is correct that the trial court did not mention R.C. 2929.14(C)(4) by name at the hearing. But there is no statutory requirement that the court mention the statute by name, only that it make the required statutory findings.

{¶17} Appellant also claims the court did not indicate that it considered the seriousness of his conduct when it ordered consecutive sentences. But the trial court is not required to give its reasons for making a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. *Power*, 2013-Ohio-4254, at ¶ 38 (7th Dist.).

{¶18} Because the trial court made the required R.C. 2929.14(C)(4) consecutive-sentencing findings, Appellant's sentence is not contrary to law.

{¶19} Accordingly, Appellant's first assignment of error is without merit and is overruled.

{¶20} Appellant's second assignment of error states:

THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE PROPER NOTIFICATION OF RIGHT TO APPEAL PURSUANT TO CRIM.R.32.

{¶21} Appellant contends here that at his resentencing hearing, the trial court failed to inform him of his appellate rights in violation of Crim.R. 32. He asserts he was prejudiced because the trial court did not appoint him appellate counsel and he had to proceed pro se.

{¶22} Crim.R. 32(B) provides:

(B) Notification of Right to Appeal.

(1) After imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant that the defendant has a right to appeal the conviction.

Case No. 24 JE 0006

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.  Upon defendant's request, the court shall forthwith appoint counsel for appeal.

{¶23}  At the resentencing hearing, the trial court advised Appellant that he had the right to appeal if he wished to do so.  (Resentencing Tr. 17).  The court informed, "I'll appoint your counsel to do it for you.  Or you can do it yourself.  It worked for you last time.[1]  You do what you want to do."  (Resentencing Tr. 17).

{¶24}  Thus, the trial court did inform Appellant of his right to appeal and that the court would appoint counsel to represent him if he wished the court to do so.

{¶25}  Appellant, acting pro se, filed a timely notice of appeal.  He did not request an attorney be appointed to represent him.

{¶26}  The trial court did not mention that if Appellant was unable to pay the costs of documents necessary for an appeal, the documents would be provided without cost.  But Appellant filed an affidavit of indigency with this Court.  He also filed a motion for

---

[1] In his first appeal, Appellant filed a pro se brief.

preparation of transcript of proceedings at State expense.  This Court granted Appellant's motion and the transcript was promptly filed.  Thus, Appellant cannot demonstrate any prejudice here.

**{¶27}**  Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶28}**  For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**