[Cite as *State v. Bunch*, 2024-Ohio-5514.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHAZ DIONYOUS BUNCH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0030**

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Chief, Criminal Division, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Joseph C. Patituce*, Patituce & Associates, LLC, for Defendant-Appellant.

Dated: November 21, 2024

**PER CURIAM.**

{¶1} On October 31, 2024, Appellant, Chaz Dionyous Bunch, filed an application requesting that this court reconsider our decision in *State v. Bunch*, 2024-Ohio-5085 (7th Dist.), in which we affirmed the February 12, 2024 judgment of the Mahoning County Court of Common Pleas. This matter came before the trial court on remand from the Supreme Court of Ohio, *State v. Bunch*, 2022-Ohio-4723, to conduct an evidentiary hearing on the eyewitness identification claim in Appellant's petition for post-conviction relief. Following the hearing, the trial court found that Appellant's trial counsel was not ineffective during the jury trial in choosing not to call an eyewitness identification expert. On appeal, Appellant asserted the trial court abused its discretion in denying his petition for post-conviction relief because he established his trial counsel was ineffective. Finding no reversible error, we affirmed. Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A). Appellee, the State of Ohio, filed a response on November 12, 2024.

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

Case No. 24 MA 0030

**{¶2}** In his application, Appellant contends "there is error in this Honorable Court's analysis as it relates to the question of whether Mr. DiMartino provided Appellant with the constitutionally mandated effective assistance of counsel." (10/31/2024 Application for Reconsideration, p. 2). Appellant argues "the testimony offered by Dr. Kovera was admissible as it would go to the factors expressed by the Supreme Court of Ohio in *State v. Buell*, 22 Ohio St.3d 124 (1986)." (*Id.* at p. 4). Appellant alleges this court's decision "did not take into account the Supreme Court's holding in *Bunch* or analyze Dr. Kovera's testimony under *Buell*." (*Id.* at p. 6). Appellant posits "given the Supreme Court's direct holding that there was no reasonable method to introduce the defense of misidentification through cross-examination," and "coupled with Dr. Kovera's admissible testimony concerning the factors that impair a normal witness, this Honorable Court must reconsider its decision and enter judgment in favor of Mr. Bunch." (*Id.*)

**{¶3}** Contrary to Appellant's assertions, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law.

**{¶4}** In *Bunch*, 2024-Ohio-5085, we stated the following:

> Regarding eyewitness identification, "[g]enerally, the decision not to call an expert witness does not constitute ineffective assistance of counsel because that decision is solely a matter of trial strategy." *State v. Tobert*, 2003-Ohio-675, ¶ 19 (1st Dist.), citing *State v. Coleman*, 45 Ohio St.3d 298, 307-308 (1989).

> The trial court was well within its discretion to deny Appellant's postconviction petition as Appellant failed to show that his trial counsel's performance was deficient and further failed to show that he was prejudiced by counsel's decision not to employ an eyewitness identification expert. DiMartino's considered choice not to employ an eyewitness identification expert did not make his performance deficient under both prongs of *Strickland.*

> There exists no precedent that requires the use of an eyewitness identification expert. *See Horton v. Richard*, 2013 WL 5492337, *19 (S.D.

Ohio Oct. 1, 2013) ("'No precedent establishes that defense counsel must call an expert witness about the problems with eyewitness testimony in identification cases or risk falling below the minimum requirements of the Sixth Amendment.'") (Internal citation omitted). Our Sister Court found that trial counsel was not ineffective in choosing not to employ an eyewitness identification expert as trial counsel thoroughly cross-examined the victims on their identification of the defendant. *State v. Horton*, 2011-Ohio-1387, ¶ 20 (10th Dist.). Similar to *Horton*, trial counsel here also thoroughly cross-examined the victim and continued to argue about misidentification throughout the trial.

Appellant stresses that Dr. Kovera explained at the post-conviction hearing that M.K.'s eventual identification of him was contaminated by M.K.'s observations of Appellant on the news and that the identification was highly suggestive. Dr. Kovera relied on these conclusions when she claimed that an eyewitness expert's testimony could have impacted the outcome of the trial.

In *State v. Knight*, 2024-Ohio-2176 (7th Dist.), the appellant claimed the trial court improperly barred his expert (Dr. Kovera) from offering an opinion as to the specific reasons why she thought a victim's identification of the appellant as the shooter was mistaken. *Id.* at ¶ 39-40, 112. Relying on the Supreme Court of Ohio's decision in *State v. Buell*, 22 Ohio St.3d 124 (1986), this court stated, "Evid.R. 702 did not allow a psychological expert to opine about the credibility of a specific eyewitness' identification testimony unless the eyewitness had a physical or mental impairment that may affect that witness' ability to observe or recall events." *Id.* at ¶ 115. This court found the appellant's assignment of error on that issue lacked merit. *Id.* at ¶ 121.

Here, Dr. Kovera claimed at the post-conviction hearing that the outcome of the trial could have been different if an eyewitness identification

expert had testified. However, Dr. Kovera's testimony relied upon information that she could not convey to a jury. Thus, Dr. Kovera's testimony cannot lend support to an argument that trial counsel rendered ineffective assistance by not calling her, or another expert, at the jury trial.

Similarly, Attorney Koblentz claimed at the post-conviction hearing that an eyewitness identification expert should have been brought in to tell the jury that M.K.'s identification was not reliable. Like Dr. Kovera, Attorney Koblentz improperly believed that an expert could testify that M.K.'s identification was not reliable. *Knight* at ¶ 115; *State v. Patterson*, 2015-Ohio-873, ¶ 61 ("It is the factfinder, not an expert, who is properly charged with assessing the credibility or 'trustworthiness' of a witness.")

The references by the Supreme Court of Ohio in *Bunch*, 2022-Ohio-4723, to *Hinton v. Alabama*, 571 U.S. 263 (2014) and *State v. Herring*, 2014-Ohio-5228, are only relevant to its finding that an evidentiary hearing was warranted.

In *Hinton*, the United States Supreme Court held that "[u]nder that (*Strickland*) standard, it was unreasonable for Hinton's lawyer to fail to seek additional funds to hire an expert where that failure was based not on any strategic choice but on a mistaken belief that available funding was capped at $1,000." *Hinton*, 571 U.S. at 273. Unlike *Hinton*, DiMartino made it clear that he was aware that funds were available and that he could request additional funds if he saw fit. However, DiMartino made a strategic choice not to employ an eyewitness identification expert in this case.

In *Herring*, the defendant was part of a group of six that robbed an inn during which they shot five people, three of whom died. *Herring*, 2014-Ohio-5228, at ¶ 3. The defendant was convicted of three counts of complicity to commit aggravated murder, among other crimes, and was sentenced to death. *Id.* at ¶ 11. Subsequent postconviction proceedings focused on the effectiveness of counsel during mitigation. *Id.* at ¶ 19. The

defense's mitigation investigator revealed he did not have enough time to thoroughly investigate the case, did not know if defense counsel had the defendant examined by a psychologist, and in summary, that he had done a "substandard job of mitigation investigation." *Id.* at ¶ 36-38. On review by the Supreme Court of Ohio, it was determined that defense counsel assigned to represent capital defendants have a responsibility to ensure a thorough mitigation investigation was completed. *Id.* at ¶ 111. The Supreme Court concluded that due to the statements of the mitigation investigator and the evidence presented, trial counsel was ineffective. *Id.* at ¶ 111, 135. Thus, *Herring* did not and could not involve a strategic choice. Unlike *Herring*, DiMartino in the case at bar made a strategic choice after contemplating the use of an eyewitness identification expert.

Appellant also stresses that he was excluded as the source of DNA in the rape kit. However, "physical evidence is not required to support a rape conviction against a manifest weight challenge." *State v. Thomas*, 2015-Ohio-5247, ¶ 31 (9th Dist.). Notwithstanding the DNA exclusion, the lack of eyewitness identification expert testimony, and the fact that M.K.'s identification of Appellant was delayed, the record establishes evidence of Appellant's guilt, as addressed [in great detail]. . . .

DiMartino successfully convinced the jury to acquit Appellant of the aggravated robberies involving other victims, Cosa and Hammond, which took place right before the incident involving M.K. However, given the overwhelming evidence against Appellant regarding M.K., as addressed, any deficiency in trial counsel's performance does not allow for reversal on a claim of ineffective assistance of counsel. *See State v. Grate*, 2020-Ohio-5584, ¶ 137; *State v. Clinton*, 2017-Ohio-9423, ¶ 41.

Upon consideration, the trial court did not abuse its discretion in denying Appellant's petition for post-conviction relief following a hearing. The record establishes trial counsel's representation was constitutionally

effective and Appellant did not suffer prejudice. Appellant fails to demonstrate ineffective assistance of counsel under *Strickland*.

*Bunch*, 2024-Ohio-5085, ¶ 30-42.

**{¶5}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶6}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

**{¶7}** For the foregoing reasons, Appellant's application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 MA 0030